THE STATE, DEFENDANT IN ERROR, v. ALFRED DeMAIO, PLAINTIFF IN ERROR.

Submitted December 8, 1903—Decided June 23, 1904.

Upon the recusation of a judge the party interposing the challenge must, unless the facts upon which the alleged disqualification depends are admitted, lay before the court proof of their truth; and the judge himself, if sitting alone, must decide as to the sufficiency of such proofs.

On error to the Supreme Court. For opinion of that court, see 40 *Vroom* 590.

For the plaintiff in error, *John W. Wescott* and *Louis H. Miller.*

For the defendant in error, *J. Hampton Fithian* and *Joseph H. Powell.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The writ of error in this case brings up for review a judgment of the Supreme Court, affirming a conviction had against the plaintiff in error before a justice of the peace, under the provisions of "An act concerning disorderly persons."

The first and principal assignment of error is based upon the refusal of the Supreme Court to set aside the conviction on account of the alleged disqualification of the magistrate who tried the case. It appears from the record that at the trial before the magistrate, after the complaint had been read to the plaintiff in error, a challenge to the court was interposed on his behalf, upon the following grounds: Because the justice was an actor in the proceedings and facts constituting the alleged disorderly acts to be tried by him; because he was in the employment of the complaining witness; because he originated the acts alleged to be disorderly; because he had prejudged the case before him, and because he had created the situation and facts to be by him tried for the purpose of convicting the defendant. Demand was then made, on behalf of the plaintiff in error, that triors be appointed to try the jurisdiction of the court. The justice refused to comply with this demand and overruled the recusation.

The refusal of the magistrate to appoint triors to try the truth of the facts set forth in the challenge was proper. No authority for such procedure is referred to by counsel, nor has our examination of the books, in investigating this question, disclosed any. In the absence of statutory regulation of the subject, the practice is correctly set out in 11 *Encycl. Pl. & Pr.* 783, as follows: "If the facts upon which the

alleged disqualification of the judge rests are not admitted by him, or are denied by the other party, the challenger must lay before the court proof of their truth. As to the sufficiency of such proof, the judge himself, if sitting alone, must decide."

Nor was there any error in the action of the justice in overruling the recusation and proceeding with the trial of the case. As has just been stated, unless the facts alleged in the challenge are admitted to be true by the judge, the challenging party is required to substantiate them by proofs. No offer to do this was made on behalf of the plaintiff in error, either at the time of the interposition of the challenge or thereafter, and the action of the magistrate in overruling the challenge was, by implication, a denial of the truth of the facts upon which it was based. Not only is a judge not required to withdraw from the hearing of a case upon a mere suggestion that he is disqualified to sit, but it is improper for him to do so, unless the alleged cause of recusation is known by him to exist, or is shown by proof to be true in fact. *Moses* v. *Julian,* 45 *N. H.* 52.

The second assignment of error is directed at the refusal of the justice to permit the plaintiff in error to call him as a witness during the progress of the trial. The Supreme Court, in disposing of this question, rightly held that a party cannot call a judge as a witness in a case where the court is held by a single judge, and thus destroy the court. It may be well to point out, in addition, that the fact sought to be shown by the testimony of the justice, namely, that his right to sit had been challenged, was properly provable by the record, and not by the oath of the justice.

The third assignment of error relates to imperfections in the warrant issued by the justice for the apprehension of the plaintiff in error. The objection to the form of the warrant was first made on the review of the proceedings in the Supreme Court. It came too late. The purpose of the warrant being to bring the party into court, if it be legally insufficient for that purpose, objection should be made to it

before the defendant submits himself to the jurisdiction and goes to trial on the merits; his general appearance is a waiver of all objections to the form of the process and the manner of its service. *Clifford* v. *Overseer, 8 Vroom* 152.

We have examined the other assignments of error and do not find them of sufficient substance to require discussion.

The judgment of the Supreme Court should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, FORT, HENDRICKSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GRAY. 11.

*For reversal*—None.