MARJORIE W. SPEAKMAN et al., complainants-respondents,

*v.*

INTERNATIONAL PULVERIZING CORPORATION et al., defendants-appellants.

[Argued May term, 1937. Decided December 16th, 1937.]

*Mr. Joseph Beck Tyler,* for the complainants-respondents.

*Mr. Louis B. LeDuc* and *Messrs. Boyle & Archer,* for the defendants-appellants.

PER CURIAM.

Defendants appeal from the denial of a motion to strike out the bill of complaint made after answer filed, on the ground that the subject-matter of the bill related to a patent in which "there were no rights in anyone to the invention

and no *res* upon which the decree could operate." The gravamen of the bill was fraudulent diversion of the assets of American Pulverizing Company to the defendant corporation. It was alleged that an agreement was made whereby inventions to be patented were to be the property of the American Company, and that in violation thereof, these devices had been turned over to the International Company in fraud of the American Company. The bill seeks the recovery of assets and an accounting of profits.

The motion is based upon the alleged fact, not appearing in the bill or the answer, that, after the filing of the bill, one of the inventors secured a patent on the representation that he was the sole inventor, and that, under the federal patent law, a patent so granted is void. The vice-chancellor denied the motion upon the ground "that the matters raised by the motion can only be satisfactorily determined after the proofs are in." We agree with this result. This power is expressly conferred by the chancery rules, and appellant, recognizing it, alleges an abuse of discretion. This is plainly not the case.

Complainant points out that the patent was secured after the filing of the bill and its issuance appears only in the notice of the motion to strike out. This is a sufficient ground for the denial of the motion. But even though this fact appeared in the bill or answer, the denial would be plainly justified. Assuming its validity, the agreement created rights which complainants are entitled to have enforced with respect to the assets of the American Company.

Furthermore, we do not entertain the view that a motion to strike out—the equivalent of a demurrer—can be made after answer filed, or rather that the denial of the motion under such circumstances would not be entirely a matter for the court of chancery.

The order appealed from is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 13.

*For reversal*—None.