## HARRY W. VANDERBACH, PROSECUTOR, v. HUDSON COUNTY BOARD OF TAXATION, RESPONDENT.

Argued January 19, 1943—Decided March 12, 1943.

Before Justices CASE, DONGES and COLIE.

For the prosecutor, *Maurice C. Brigadier.*

For the respondent, *John Warren,* Special Assistant Attorney-General.

The opinion of the court was delivered by

COLIE, J. Prosecutor holds a writ of *certiorari* designed to review his suspension and removal as secretary of the

Hudson County Board of Taxation. He also holds a rule to take depositions to be used on the return of the writ.

The motion is in three parts, the first seeking "an order vacating in whole or in part the *allocatur* upon the writ of *certiorari* and for the modification of the writ by deleting therefrom the words 'of a resolution adopted by you dated August 5th, 1942, suspending Harry W. Vanderbach from the office of Secretary of the Hudson County Board of Taxation.'" Respondent urges that since the primary purpose of the writ is to review the propriety of prosecutor's removal, the inclusion of any reference to his suspension renders the writ multifarious. We see no merit in the contention. Prosecutor's suspension on August 5th, 1942, followed by his removal on December 10th, 1942, may be so integrated as to warrant a review of both matters by the same writ. There is no showing that the proposed review of both matters by the single writ would be prejudicial to anyone concerned. The review of a suspension and a removal by the same writ was the procedure followed in *Levinson* v. *Mooney*, 128 *N. J. L.* 569.

The second phase of the motion seeks to add to the *allocatur* a condition that the depositions be limited to facts arising after the close of the hearings which resulted in prosecutor's removal. The third phase seeks a discharge of the rule to take depositions or, in the alternative, that they be limited as urged in the second phase above mentioned.

A review of the facts leading up to the motions presently before the court is essential to an understanding of the court's disposition thereof.

The notice of motion and affidavits, together with the affidavits and exhibits presented to the court by prosecutor, Harry W. Vanderbach, disclose that the Hudson County Board of Taxation presently consists of Leo Rosenblum, August Ziegener, Michael V. Donovan, John F. Wilkens and Paul E. Doherty. On August 5th, 1942, the Board passed a resolution suspending Harry W. Vanderbach from the office of secretary of the Board. On September 9th, 1942, the Board notified Vanderbach by letter that written charges had been preferred against him by Paul E. Doherty. A copy of

the charges was enclosed. The letter set a time and place when the Board would publicly examine into the charges. Several adjournments were had and finally, on December 10th, 1942, after two hearings at which Mr. Rosenblum, Mr. Donovan and Mr. Ziegener sat, the Board removed the prosecutor, Harry W. Vanderbach, from office. Prosecutor then made application before the Chief Justice for a writ of *certiorari*. A rule to show cause issued and on the return of the rule to show cause, a writ of *certiorari* was allowed. On the same day a rule to take depositions was signed.

At the hearings which resulted in the removal, Mr. Vanderbach filed an affidavit of prejudice reciting that he is the secretary of the Hudson County Board of Taxation; that on August 5th, 1942, he attended a meeting of the Board at which all of the members were present; that at that meeting he was subjected to an examination by the members of the Board; that thereafter he was requested to leave the meeting and when recalled before the Board it adopted the resolution of suspension. The affidavit then recites that "deponent states that by reason of the foregoing, Leo Rosenblum, Michael Donovan, Paul E. Doherty, August Ziegener and John F. Wilkens are disqualified from sitting in any hearing with respect to the charges which have been preferred against deponent." It is further made to appear by an undated excerpt from the transcript of the proceedings before the Board that his counsel moved the Board to disqualify itself on the basis of the aforementioned affidavit of prejudice. The motion was denied.

On the application for a writ of *certiorari*, Harry W. Vanderbach filed a lengthy affidavit, paragraph 8 of which recites that he filed an affidavit of prejudice against Rosenblum, Donovan and Ziegener, requesting them to disqualify themselves on the ground that they had prejudiced (obviously he meant "prejudged") the subject-matter of the charges by reason of their having undertaken to adopt the resolution of suspension of August 5th, 1942. Paragraph 15 of the affidavit filed on the application for a writ of *certiorari* reads:

"15. Deponent states that his removal has been motivated by and solely for political reasons. Deponent states that he

was removed by the said Leo Rosenblum, August Ziegener and Michael V. Donovan, and was suspended by the said Leo Rosenblum, August Ziegener and Michael V. Donovan, John F. Wilkens and Paul E. Doherty solely because the said Leo Rosenblum, Michael V. Donovan, Paul E. Doherty and August Ziegener and John F. Wilkens are members of a political group or faction opposed to the regular Hudson County Democratic organization with which deponent has in the past been allied. Deponent states that even before he allegedly committed any of the acts set forth in the charges preferred against him that the said Leo Rosenblum, Michael V. Donovan, Paul E. Doherty, August Ziegener and John F. Wilkens, among themselves and in agreement and conspiracy with others, had agreed that in the event they were permitted to function as the Hudson County Board of Taxation, they would proceed to remove deponent upon charges which they would falsely invent for the purpose of accomplishing the removal of deponent because they were dissatisfied with the political adherences, beliefs and support of the deponent. Deponent further states that prior to the aforesaid hearings conducted on the aforesaid charges, the said Leo Rosenblum, Michael V. Donovan, Paul E. Doherty, August Ziegener and John F. Wilkens had already discussed and considered the appointment of a successor to the deponent and had already determined the person whom they were to appoint as deponent's successor. Deponent further states that the said Leo Rosenblum, Michael V. Donovan, Paul E. Doherty, August Ziegener and John F. Wilkens, even prior to July 23d, 1942, had decided upon the removal of deponent as secretary and had communicated their intention to the Governor of this state who, on that day, pursuant to the information he received from them, issued a directive to deponent in which he referred to deponent as temporary secretary, although the deponent, at said time, had not been removed nor suspended; no charges had been preferred against the deponent and the alleged acts of wrongdoing had as yet not even occurred."

The removal of Mr. Vanderbach was effected under authority of *R. S.* 54:3-9, which provides that the secretary shall hold office during good behavior, &c., and shall not be removed

for political purposes and *R. S.* 54:3-10 which requires written charges, a public examination by the board upon reasonable notice, that the trial shall be fair and that the secretary shall have every reasonable opportunity to make a defense.

When counsel for prosecutor filed the affidavit of prejudice, he stated as his ground that the Board had prejudged the matter. There was at that time no suggestion that the removal was for political purposes.

The public policy of the State of New Jersey with reference to the disqualification of judges has been established by the legislature. *R. S.* 2:26-193 and 194, the latter section providing that challenges shall be made before trial or argument. This statute was before the Supreme Court in *Curtis* v. *Joyce,* 90 *N. J. L.* 47; *affirmed,* 91 *Id.* 685. There the question was as to the alleged bias of a recorder. The court, speaking of the statute said: "Although this is a section of the Practice Act, it enacts a rule which should govern in all courts. It would be intolerable to allow a litigant to speculate on the result of a case, and raise a question of jurisdiction only after the decision. If the prosecutor did not know the alleged bias at the time, it may be his misfortune, but it is a misfortune arising out of a want of knowledge that it was his duty to acquire if he wanted to profit by it." It is suggested in the brief for the prosecutor that he was precluded by the decision of Chancellor Walker *In re Hague,* 103 *N. J. Eq.* 505, from raising the question of political prejudice before the tribunal below on motion to disqualify. All that the cited case holds on that question is summed up in the single paragraph from that opinion reading: "But prejudice growing out of business, political or social relations is not sufficient to disqualify a judge." In the instant case, the accusation contained in paragraph 15 of the prosecutor's affidavit goes farther, for it charges "that the said Leo Rosenblum, Michael V. Donovan, Paul E. Doherty, August Ziegener and John F. Wilkens, among themselves and in agreement and conspiracy with others, had agreed that in the event they were permitted to function as the Hudson County Board of Taxation, they would proceed to remove deponent upon charges *which they would falsely invent for the purpose of*

*accomplishing the removal of deponent* because they were dissatisfied with the political adherences, beliefs and support of the deponent." (Italics ours.) A mere reading of this allegation shows that it involves more than prejudice growing out of political relations. It charges a conspiracy to falsely invent evidence in violation of the criminal law of the state.

Prosecutor does not suggest that he was unaware of the facts upon which he based the allegations as to the conspiracy when his counsel moved the Board to disqualify itself.

The right of the Hudson County Board of Taxation to suspend the prosecutor is a matter of law. Either it is or is not given that right by statute. The right of the Hudson County Board of Taxation to remove prosecutor is right or wrong, dependent upon the proofs that were brought before the Board at its hearing, and that matter can be determined when the transcript of the record of the hearing is brought before this court. As to that phase, attorney for prosecutor says in his brief "He does not propose to take depositions with respect to the charges of incapacity or misconduct and is willing to rest on the transcript of testimony taken at the hearing to establish that there was no evidence upon which he could have been found guilty in law of the charges that had been preferred against him. The prosecutor, however, proposes to take depositions with respect to the deliberations held by the Board on the charges and the evidence received for the purpose of proving that the opinion and judgment of removal was not predicated on the evidence adduced at the hearing and that the opinion and judgment of removal was not arrived at in the manner required by law, nor according to due process." If, by this latter statement, it is meant that the alleged conspiracy would be established by the depositions, then we must, under the clear statement of *Curtis* v. *Joyce, supra; In re Hague, supra,* hold that he may not do so in this proceeding and at this late date.

The record that comes before us on this motion is none too clear as to what transpired on the application for the writ of *certiorari* and the application for the rule to take depositions, and we are not informed as to whether the facts were fully laid before the Chief Justice at the time the

rule for depositions was signed. We question whether they were.

The motion to vacate the *allocatur* in whole or in part is denied. The motion to discharge the rule to take depositions is denied, but a condition is imposed thereon limiting the scope of the depositions to the subject of the truth or falsity of the charges upon which the suspension and removal were based. As both parties have prevailed in part, no costs will be awarded.