For a proper understanding of this application and my reasons for denying it, it is necessary to give a brief recital from the records. *Page 241 
The bill was filed March 4th, 1942; answer July 7th, 1942; replication, c., July 15th, 1942.
A consented order of reference was entered July 23d 1942, under which the cause was referred to Vice-Chancellor Kays and all proceedings from thence forward were had before him.
On September 1st, 1942, by consent a date for final hearing was designated as November 24th, 1942.
Thereafter, upon requests of the defendants, there were adjournments of the date of hearing to December 16th, 1942; January 12th, 1943; January 27th, 1943; February 9th, 1943; March 9th, 1943.
This last adjourned date of March 9th, 1943, seems to have been peremptorily fixed by the Vice-Chancellor. At any rate the hearing commenced and proceeded on that day.
On the morning of March 8th, 1943, the solicitor for the petitioners presented to me the petition in question, the voluminousness and nature of which can only be known and appreciated by a reference to and a reading of it as it appears in the files of the court.
The prayers of the petition are that:
"1. The order of reference heretofore entered in this cause be vacated.
"2. That notwithstanding the answer filed herein, that your honor strike the bill of complaint for the reasons:
"(a) That it does not plead the alleged fraud and breach of trust as required by the aforesaid rules of this court;
"(b) That it does not disclose a cause of action of which your honor will take jurisdiction in that on its face it shows complainant is in laches without explanation or excuse thereof or therefor;
"(c) Because it is an instrumentality of blackmail and because those controlling complainant had knowledge that Fred M. Barnet could refute all charges in the bill of complaint and because they refused to permit your petitioner, John Warren to see the said Fred M. Barnet, or know his whereabouts and because he is now dead, and because your petitioners have lost records necessary for their defense to the charges set forth in the bill of complaint, the cause of action set forth in the bill of complaint is not such that the *Page 242 
conscience of your honor will permit you to entertain the same; and
"(d) Because of the control of this litigation and of the processes of justice in this court by the said Frank Hague and his organization, that the conscience of your honor will not permit the further prosecution of this alleged cause of action.
"3. That an order may be made requiring the complainant to show cause why the foregoing relief should not be granted and that the said order contain permission for your petitioners to take depositions in support of the allegations of paragraphs 39, 41, 43, 61, 62 and 65 herein, which said depositions shall be read upon the return of said order, together with the affidavits hereunto annexed and such answering affidavits as may be proper.
"4. That the complainant, its officers, directors, stockholders, attorneys and agents, be restrained until the further order of this court from further prosecuting the alleged cause of action herein.
"5. That your petitioners may have such other and further relief as the circumstances of the case may warrant and as may be agreeable to equity and good conscience."
I will consider and dispose of them in their order:
1. A vacation of the order of reference to Vice-Chancellor Kays.
The effort and purpose seems to be to disqualify the Vice-Chancellor and for that matter, the entire personnel of the court.
It is alleged in paragraph 38 — "The political influence of the said Hague upon the jurists of this court is so well and commonly known that it was referred to by His Excellency, Charles Edison, Governor of the State of New Jersey * * *."
In paragraph 67 there appears — "Your petitioners charge that the Honorable Henry T. Kays, to whom this cause has been referred, is acting under the orders of the Hague organization, is prejudiced against your petitioners and they cannot have a fair trial before him for he is not acting as an independent jurist." *Page 243 
In fact if the matters and things set up in the petition are proper and legal grounds for the disqualification of Vice-Chancellor Kays they then are such as would disqualify every Vice-Chancellor and the Chancellor.
I denied this prayer of the petition on the ground that it was not the proper manner in which to assert disqualification and that the grounds were not proper and sufficient in law.
The statute R.S. 2:26-193, et seq., prescribes both the procedure and the grounds of disqualification. This statute dates back, at least, to 1820 (Nixon's Digest (3d ed. 1861) 204); it appears in the Revision of 1877 at page 889 and was incorporated in the Practice Act of 1903 as sections 224, etseq. (3 Comp. Stat. p. 4121 §§ 224, et seq.)
The practice and procedure undertaken by the petition before me is improper.
Both the procedure and disqualifications are fixed and regulated by the statute, supra.
Chancellor Walker held and such holding has not been challenged by review by the Court of Errors and Appeals that prejudice arising out of business, political or social relations is not sufficient to disqualify a Vice-Chancellor; In re Hague,103 N.J. Eq. 505.
The prayer of the petition to vacate the order of reference is denied.
2. That the bill of complaint should be stricken.
This is not a matter calling for action by me but should have been addressed to Vice-Chancellor Kays to whom the cause was specially referred.
All rules of court, procedure and orderly practice are that once a cause has been regularly referred to a Vice-Chancellor all proceedings therein to final decree shall be had and taken before him. See rule 118. It is untimely and should have been made before answer filed. See rule 77; Ireland v. Kelly, 60 N.J. Eq. 308,310, and Speakman v. International Pulverizing Co.,122 N.J. Eq. 568.
This prayer of the petition is, therefore, denied.
3. That an order to show cause issue with permission to take depositions with an ad interim restraint against the complainant. *Page 244 
I was and am satisfied that the said petition, irregular and improper as it is, was made but for the purpose of indefinitely delaying, hindering and obstructing the hearing of the cause which had been definitely set to commence for the day next after its presentation, namely, March 9th, 1943.
I, therefore, denied that prayer of the petition.
For these reasons I denied the petition in toto. *Page 245