49 N.J. Super. 415 (1958)
140 A.2d 234
LILLIAN CLAWANS, PLAINTIFF-APPELLANT,
v.
LEON M. SCHAKAT, ROBERT HAIGHT AND MARY LOU KERR, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 24, 1958.
Decided April 1, 1958.
*416 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Robert Gruhin argued the cause for appellant (Miss Lillian Clawans, attorney pro se).
Mr. Milton Lowenstein argued the cause for respondents Robert Haight and Mary Lou Kerr (Messrs. Kristeller, Zucker, Lowenstein and Cohen, attorneys; Mr. Melvin B. Cohen, of counsel).
Mr. Edward V. Ryan argued the cause for respondent Leon M. Schakat.
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Plaintiff, an attorney and counsellor-at-law of this State, appeals pro se from (1) the designation by Assignment Judge Waugh of Judge Colie of the Superior Court, Law Division, Essex County, to preside over and hear the negligence action brought by her against defendants, after Judge Waugh had been advised that Judge Colie was prejudiced and should disqualify himself from sitting in her case; (2) Judge Colie's denial of her application that he disqualify himself in the trial of her action; (3) the judgment of dismissal, entered in defendants' favor by Judge Colie on their respective motions; and (4) his order denying her application to vacate the dismissal and grant a new trial. The judgment was entered after plaintiff had refused to permit her attorney to present evidence as to either liability or damages because of Judge Colie's refusal to disqualify himself. The first ground of appeal is not mentioned in plaintiff's brief and must be considered abandoned.
*417 The appeal stems from a negligence action brought by plaintiff for personal injuries suffered in an intersectional accident between the automobile in which she was a passenger, owned by defendant Haight and driven by defendant Kerr, and an automobile driven by defendant Schakat.
Although the record does not show the proceedings prior to the appearance of the parties before Judge Colie for trial, we are informed that the case came on for trial on June 13, 1957, all counsel being present; that the case was marked "Ready" before Assignment Judge Waugh, and he thereupon assigned it for trial the same day before Judge Colie. Plaintiff's attorney requested Judge Colie to give his client time to prepare an affidavit to support her application that the judge disqualify himself because of prejudice. The request was granted and court recessed until noon. In the interim plaintiff appeared before Assignment Judge Waugh, all counsel being present, and personally asked for reassignment of the case to another judge on the basis of the allegations appearing in the affidavit about to be mentioned. Judge Waugh refused to order any change.
Plaintiff's affidavit was not quite ready when court reconvened at noon. Her attorney said he was embarrassed with his task and requested that he either be allowed to withdraw from the case or, in view of an offer of settlement made by defendants' attorneys and which he personally considered "fair," that the trial judge mark the case settled and permit him to try to get his client to accept the settlement. The judge denied both motions because the case had been assigned and was ready for trial. He said he would mark the case "settled" the minute he knew it was, adding, "I do not know that and you cannot give me that assurance," to which counsel replied, "I could not assure your Honor for one second that my client would not tell me, after I had settled, that she is not going to take it."
At this point counsel handed up plaintiff's affidavit to the trial judge, who marked it filed and stated he would proceed with the drawing of a jury. Counsel announced that he had requested his client to come into the courtroom, *418 but she had refused to be present when the jury was drawn because of the filing of the affidavit. The jury was thereupon drawn and the several attorneys made their opening statements. The court then declared a luncheon recess.
When court reconvened the trial judge announced that he had read the affidavit and would deny the motion for disqualification. Plaintiff's attorney then presented a supplementary affidavit on which the judge reserved decision until he had had an opportunity to examine it further. At this point the attorney for plaintiff stated that although he thought it was reasonably clear he could prove negligence by calling the defendants as witnesses, he found himself in a position where he could not prove damages. He said his client had told him that the last time she had appeared before the court she had been insulted and forcibly ejected from the courtroom, as a result of which she suffered nosebleed. She would not "jeopardize her health or life by coming in this courtroom; therefore, I cannot see why I should prove negligence when I cannot prove damages." Counsel further announced that his client refused to have her doctors appear, and he would therefore have to sit mute, being unable to call any witnesses. He repeated that he saw no point in taking the court's time in proving negligence when he could not prove damages. The trial judge thereupon announced that he had no other recourse than to grant whatever motions counsel had. Upon motions made by defense counsel for direction of verdict and entry of judgment, the court entered judgment in favor of all defendants. A subsequent motion to vacate the judgment was denied.
Plaintiff's affidavits charge Judge Colie with being so prejudiced against her personally that he would not be in a position to decide the instant case fairly and honestly. The reasons assigned stem from prior proceedings had by plaintiff before Judge Colie:
(1) In a case before Judge Colie in April 1955, plaintiff had failed to appear in court for the scheduled pretrial. When she appeared the next day the judge directed that she *419 get in touch with the other lawyers and come before him the following Friday. On that day he said he would not permit a pretrial until plaintiff paid each of defendants' attorneys $25, and he would draw an order to that effect. Plaintiff's affidavit alleged that he "wilfully and deliberately" failed to send her a copy of the order, so that it was not until she appeared before another judge for pretrial the following September that she learned of the order. She was "stunned."
(2) During the original trial of Clawans v. Cohn (action on account stated, tried without a jury; judgment in defendant's favor appealed and affirmed by this court, Docket A-686-54, opinion unreported; certification denied, 21 N.J. 337 (1956)), plaintiff charged that Judge Colie revealed "a most shocking attitude" toward her; he was "prejudiced and biased, so much so, that he actually became the advocate of the rights of the defendant * * * as well as volunteering the answers for the defendant on material points." He allegedly abused and insulted her 54 times during the course of the trial and finally threatened to hold her in contempt. Judge Colie decided in defendant's favor, a result characterized as a "fallacious decision" which cost her thousands of dollars. During the argument of one of the motions following the decision, plaintiff alleges that Judge Colie caused her to be forcibly removed from the courtroom, resulting in a nosebleed and a denial of her "right to be present during the crucial portion of this judicial proceeding." All this demonstrated that the judge was "vicious" toward her.
Although Judge Colie did not actually pass upon the sufficiency of the supplementary affidavit as a basis for disqualification, that does not change the result we reach. The affidavit added little, if anything, to the main affidavit which had already outlined the charge of prejudice arising out of the judge's alleged conduct when he presided over the trial of Clawans v. Cohn.
Plaintiff does not rely upon the statute, N.J.S. 2A:15-49, which sets out four grounds for disqualification of a trial *420 judge: (1) relation in the third degree to any of the parties to the action; (2) where the judge has been attorney of record or counsel for a party to such action; (3) where he has given his opinion upon a matter in question in such action; and (4) where he is interested in the event of such action. Rather, she relies on her allegations of bias and prejudice in the trial judge. Her challenge is, obviously, not within the purview of the statute on disqualification.
In Clawans v. Waugh, 10 N.J. Super. 605 (Cty. D. Ct. 1950), plaintiff sought a general disqualification of Judge Waugh in all future cases in which she might appear as attorney, on the basis of an affidavit which charged that he was so biased and prejudiced against her that no client represented by her would receive a fair trial. Although the case is actually not authority since, at the close of the argument, her attorney admitted that the matters contained in the affidavit did not contain a cause for recusation under the statute, the court undertook to write a memorandum opinion because the subject matter had become a matter of general interest. The special tribunal which had been appointed as triers of the challenge, presided over by then County Judge and now Supreme Court Justice Francis, concluded that the challenge could not be sustained and the judge would not have been justified in recusing himself.
We need not here pass on the question whether the grounds of disqualification set out in N.J.S. 2A:15-49 are exclusive, although the court in Clawans v. Waugh, by way of dictum, indicated that this was so when it favorably quoted (10 N.J. Super. at page 612) the text of 48 C.J.S. Judges § 77, p. 1045 (1947).
A judge is not required to withdraw from the hearing of a case upon a mere suggestion that he is disqualified to sit. Indeed, as was said by Chief Justice Gummere in State v. De Maio, 70 N.J.L. 220, 222 (E. & A. 1904), "it is improper for him to do so, unless the alleged cause of recusation is known by him to exist or is shown by proof to be true in fact." Judge Colie's overruling of plaintiff's challenge was, by the clearest implication, a denial of *421 the truth of the facts upon which it was based. Our own review of the allegations of the affidavits, as well as of the record on the former appeal in Clawans v. Cohn, resulting in an affirmance in this court and a denial of certification by the Supreme Court, firmly establishes to our satisfaction that plaintiff's charge of bias and prejudice on Judge Colie's part, requiring that he disqualify himself, is absolutely lacking in merit. We are not to assay prejudice on the basis of plaintiff's oversensitivity to the rulings and comments of a trial judge, such as normally occur in the course of any trial and which we find, in this case, were unexceptionable. Not only was Judge Colie justified in not recusing himself, but it would have been error had he done so. Cf. In re Hague, 103 N.J. Eq. 505 (Ch. 1928) (Chancellor Walker); Zober v. Turner, 106 N.J.L. 86 (E. & A. 1929); Freudenreich v. Mayor, etc., Fairview, 114 N.J.L. 290 (E. & A. 1935); 536 Broad Street Corp. v. Valco Mortgage Co., 133 N.J. Eq. 240 (Ch. 1943), affirmed 134 N.J. Eq. 224 (E. & A. 1943); 536 Broad Street Corp. v. Valco Mortgage Co., 135 N.J. Eq. 581 (Ch. 1944), affirmed 136 N.J. Eq. 513 (E. & A. 1945); Mackler v. Board of Education of City of Camden, 16 N.J. 363 (1954), and the cases discussed in Clawans v. Waugh, above.
Some point is made of the fact that there was no authority on the part of the court to enter judgment in favor of defendants, rather than a judgment of dismissal, because the applicable rule, R.R. 4:42-2(a), provides that
"For failure of the plaintiff * * * to comply with * * * any order of court, the court in its discretion may on motion of defendant dismiss an action or any claim against him. Such a dismissal shall be with prejudice unless otherwise specified in the order."
However, the form of the judgment does not prejudice plaintiff, for a dismissal with prejudice would obviously be of the same effect, and it was clearly the intent of the court to rule against plaintiff with prejudice. The only real question is whether a determination of that degree of finality *422 was warranted in the circumstances presented. In our judgment it was.
The fact that plaintiff's cause of action is now barred by the statute of limitations should not stay our affirmance of the judgment below. That judgment was clearly in the discretion of the trial judge, and he did not abuse discretion in the circumstances of the case before us. Plaintiff was not merely a litigant; she has been a member of the bar of this State for almost 35 years. It must be presumed she knew not only the rules governing practice and procedure in our courts, but the spirit which gives those rules their life and meaning.
Plaintiff could have fully protected her rights upon the denial of her motion for disqualification by continuing with the trial and, if dissatisfied with its outcome, made that denial a ground of appeal. Instead, she sat outside the door of the court and refused to accept and abide by its decision, even for purposes of concluding the orderly disposition of the matter in the trial court. Not only did she persist in refusing to come within the bar of the court so as to be available as a witness in her own behalf, but directed her counsel not to call her doctors to testify as to the nature and extent of her injuries and disabilities. Her obduracy in refusing to go on with the trial and make her proof of liability and damages, when all other parties and their counsel were in court ready to try the case, was thoroughly unwarranted conduct and exhibited so unreasonable an attitude on her part as clearly justified the action taken.
To permit plaintiff to prevail on this appeal would be to sanction the disruption by a litigant of the orderly processes of the administration of justice in our trial courts. The action taken by the trial judge was, in our opinion, the only appropriate one under the circumstances presented.
Affirmed.