**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4942-15T3

OAK KNOLL VILLAGE CONDOMINIUM
OWNERS ASSOCIATION, INC.,

    Plaintiff-Respondent,

v.

CHRIS ANN JAYE,

    Defendant-Appellant.

_____

          Argued October 12, 2017 — Decided October 30, 2017

          Before Judges Nugent and Geiger.

          On appeal from Superior Court of New Jersey,
          Law Division, Special Civil Part, Mercer
          County, Docket No. DC-004807-15.

          Chris Ann Jaye, appellant, argued the cause
          pro se.

          Steven R. Rowland argued the cause for
          respondent (Brown Moskowitz & Kallen, PC,
          attorneys; Mr. Rowland, on the brief).

PER CURIAM

    Defendant Chris Ann Jaye is a unit owner at Oak Knoll Village,

a condominium community in Clinton Township.  She appeals from the

June 2, 2016 order denying her motion for reconsideration of the

March 23, 2016 order entering judgment in favor of plaintiff Oak Knoll Village Condominium Association, Inc. (Oak Knoll). The order awarded Oak Knoll damages for unpaid common element expense assessments pursuant to N.J.S.A. 46:8B-17 and attorney's fees incurred in pursuit of its collection action pursuant to N.J.S.A. 46:8B-21. After careful review of the record and applicable legal principles, we affirm.

On June 8, 2015, Oak Knoll filed this collection action in Hunterdon County on account of defendant's undisputed failure to pay her common element expense assessments for 2015. On June 16, 2015, venue was transferred to Mercer County.

On July 7, 2015, defendant removed this action to the United States District Court for the District of New Jersey on the basis of a proposed counterclaim against Oak Knoll under the Fair Debt Collection Practices Act, 15 U.S.C.A. §§ 1692 to - 1692p. On July 9, 2015, Oak Knoll filed a motion to remand the case to the Superior Court of New Jersey, Special Civil Part, and for a fee award pursuant to 15 U.S.C.A. § 1447(c). On July 30, 2015, United States District Court Judge Peter G. Sheridan issued an order and memorandum opinion granting Oak Knoll's motion to remand the case back to the Superior Court but denying its application for fees. In reaching that decision, Judge Sheridan applied well-settled law that a federal question appearing in a counterclaim is insufficient

to establish federal question jurisdiction before the District Court. Finding no basis for federal question or diversity jurisdiction, Judge Sheridan remanded the case to the Superior Court, Special Civil Part.

On November 4, 2015, Oak Knoll filed a motion for summary judgment, supported by a certification of Oak Knoll's property manager, detailing the common element expense arrearages. On November 30, 2015, defendant filed opposing papers. While Oak Knoll's motion was pending, defendant filed several applications in District Court to re-open the federal action. Judge Sheridan denied each of those applications.

On February 25, 2016, the rescheduled return date of the motion, the trial court heard oral argument. Defendant chose not to appear. Defendant was permitted to present opposing oral argument, however, on March 23, 2016. Defendant does not dispute that she did not pay her common element expense assessments for 2015. After hearing this additional oral argument, the trial court granted summary judgment to Oak Knoll, entering judgment in the amount of $11,485.80, comprised of association fees of $4415 and attorney's fees of $7070.08.

On April 12, 2016, defendant moved for reconsideration of the entry of judgment and a stay of post-judgment collection efforts

pending appeal. The trial judge issued a June 2, 2016 order denying defendant's motion.

On July 14, 2016, defendant filed this appeal. Defendant then moved for leave to consider her appeal timely as to both the earlier summary judgment ruling and the subsequent order denying reconsideration. In an August 15, 2016 order, another panel of this court ruled: "The motion is denied as to the March 23, 2016 order. The appeal is timely as to the June 2, 2016 order denying reconsideration. The appeal is limited to that order."

Defendant later moved before this court for emergent relief to remove the judgment and lien as well as a later lien obtained by plaintiff as a result of her failure to pay her 2016 assessments.[1] On August 11, 2016, yet another panel of this court denied defendant's motion for emergent relief. The Supreme Court also denied emergent relief.

Defendant accused the trial court of not reading the condominium association agreement. We note that defendant did not provide a copy of the agreement as part of the appellate record. Defendant also failed to provide a transcript of the oral argument

---

[1] Plaintiff has recovered a subsequent judgment against defendant for unpaid 2016 common element expenses, Oak Knoll Village Condominium Association v. Jaye, Docket No. HNT-DC-683-16.

on February 25, 2016 and the additional oral argument and trial court's oral decision on March 23, 2016.  See R. 2:5-4(a).

Defendant raises the following issues in this appeal: (1) the Appellate Division lacks jurisdiction because no trial court order has been properly certified as final; (2) default was improperly entered against her; (3) the trial judge, who is retired on recall, denied her due process and is incompetent, biased, and unfit; and (4) plaintiff lacks standing because the plaintiff did not authorize the commencement of this action and did not retain the law firm representing plaintiff.

Defendant sued the trial judge twice in the past for his actions as a judge.  On that basis, defendant claims the trial judge was biased and should have disqualified himself from hearing the matter.

Under our rules, the judge of any court "shall be disqualified" if the there is any reason "which might preclude a fair and unbiased hearing and judgment, or which might reasonably lead counsel or the parties to believe so."  R. 1:12-1(g); see also Code of Judicial Conduct, Canon 3.17(B)(1) ("Judges shall disqualify themselves if they have a personal bias or prejudice toward a party or a party's lawyer. . . .").  "The disqualification decision is initially left to the discretion of the trial court." State v. Marshall, 148 N.J. 89, 275-76 (1997).  "[J]udges are not

5	A-4942-15T3

free to err on the side of caution; it is improper for a court to recuse itself unless the factual bases for its disqualification are shown by the movant to be true or are already known by the court." Id. at 276; see also State v. De Maio, 70 N.J.L. 220, 222 (E. & A. 1904).

Defendant did not file a motion to recuse the trial judge pursuant to Rule 1:12-2. Nor does the record in this matter disclose any basis to conclude that the trial judge should have disqualified himself on the court's own motion. See R. 1:12-1.

"'Fundamental to any consideration of possible judicial disqualification is a showing of prejudice or potential bias.'" Marshall, supra, 148 N.J. at 276 (quoting State v. Flowers, 109 N.J. Super. 309, 312 (App. Div. 1970)). "Bias cannot be inferred from adverse rulings against a party." Strahan v. Strahan, 402 N.J. Super. 298, 318 (App. Div. 2008); see Marshall, supra, 148 N.J. at 276. Defendant has not demonstrated that the trial judge was biased against her.

The mere suggestion that the trial judge is biased because defendant has previously sued him does not necessarily require disqualification or render the judge's rulings void or improper. "A judge shall not be automatically disqualified upon learning that a complaint has been filed against the judge with the Advisory Committee on Judicial Conduct, litigation naming the judge as a

party, or any other complaint about the judge by a party." Code of Judicial Conduct, Canon 3.17(E). "If, however, the judge concludes that there is a reasonable basis to question the court's impartiality, the judge may recuse himself or herself." Ibid. We have carefully considered the entire record and find no reasonable basis to question the trial judge's impartiality or any evidence of bias. We are satisfied the trial judge did not abuse his discretion by not disqualifying himself.

Defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION