**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4480-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MARK EL,
a/k/a MARK SMITH,

     Defendant-Appellant.

_____

Submitted November 18, 2021 – Decided December 3, 2021

Before Judges Haas and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Municipal Appeal No. 25-19.

The Law Firm of George K. Miller, Jr., attorneys for appellant (Kristina A. Miller, of counsel and on the briefs).

Cary Shill, Acting Atlantic County Prosecutor, attorney for respondent (Kristen Pulkstenis, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Mark El, a/k/a Mark Smith, appeals from the Law Division's August 14, 2020, order finding him guilty of three traffic offenses: driving while on the suspended list, N.J.S.A. 39:3-40; failure to possess a driver's license, N.J.S.A. 39:3-29A; and unlawful windshield tint, N.J.S.A. 39:3-74. The convictions were issued after a hearing on defendant's trial de novo of his conviction in municipal court for the same offenses. See R. 3:23-2. We affirm.

We discern the following facts from the trial record. On December 17, 2019, defendant appeared in municipal court for trial of the three summonses. He rejected representation by the assigned public defender, who was present in court, and elected to represent himself. Before trial commenced, the judge rejected defendant's protestations that he was not ready because he was not notified that this was his trial date. The judge stated he had informed defendant of the trial date at his last appearance. Defendant disagreed. Relevant to this appeal, the judge informed defendant: "I'll tell you what. As part of your appeal, you can order the transcript from last time where you were told today is your trial date." In response to defendant's claim that the trial could not go forward because he had not received discovery, the judge informed defendant that discovery was limited to the traffic tickets already in his possession.

The State's witness was Sergeant Thomas Rocco of the Egg Harbor Township Police Department (EHTPD), who testified that on the afternoon of November 13, 2016, he was on patrol when he observed defendant driving a black Honda Accord with tinted windows. Rocco conducted a random plate inquiry, which indicated that defendant did not have a valid driver's license. Rocco's mobile data terminal confirmed that defendant's driving privileges were suspended.[1]

After he stopped the vehicle, Rocco approached the Accord and spoke to defendant. In response to Rocco 's request for defendant's credentials, defendant presented documents, none of which was a New Jersey driver's license. Defendant interrupted Rocco's testimony to interject: "I did not give him a New Jersey license because I do not have one. I have the right to travel."

In his defense, defendant asserted he was not required to have a driver's license because he is a "Moorish American" with a "right to travel." He admitted that he "[doesn't] have a driver's license. He doesn't need one. He's a free person. He's not under color of the law."

---

[1] The officer identified S-1, defendant's driving abstract, which established defendant's driving privileges were suspended at the time of the subject offense. S-1 was entered into evidence without objection.

3

After considering the testimony and S-1 in evidence, the judge determined "the State has proved beyond a reasonable doubt that on November 13[], 2016[,] . . . defendant was operating his vehicle while his privileges to drive were suspended." This was defendant's ninth conviction for driving while suspended. The judge found defendant guilty on all counts and ordered $1,006 in fines, $33 in court costs, a suspension of his driving privileges for six months, and ten days in the Atlantic County jail.

On December 27, 2019, defendant appealed his conviction to the Law Division. At the June 30, 2020, trial de novo, defendant, this time represented by a public defender, asserted he "never really had a chance to have a fair trial" because the municipal court judge failed to recuse himself. Defendant argued the municipal court judge's statements that he was "very familiar" with defendant because he had presided over several of his prior hearings and that defendant was "in court more than anybody else that [he knows]" showed he was biased.

At the conclusion of the Law Division hearing, and after review of the record below, the judge found "Title [thirty-nine], which governs conduct on the road, applies to [defendant,]" "a review of [defendant's] driving history indicated that he was suspended[,]" "Rocco's testimony was credible[,]" and "[defendant]

4

was pulled over for bad tinted windows." The judge found that the municipal court judge was not unduly prejudiced against defendant by virtue of his presiding over defendant's prior matters. The trial judge then found defendant guilty on all three counts and issued the same fines and sentence as had the municipal court judge. This appeal followed.

On appeal, defendant presents the following argument for our consideration:

> POINT I
>
> THE SUPERIOR COURT ERRED BY NOT REMANDING THE MATTER FOR A NEW TRIAL GIVEN THE BIAS DEMONSTRATED BY THE MUNICIPAL COURT

Our review of a de novo conviction in the Law Division following a municipal court appeal is "exceedingly narrow." State v. Locurto, 157 N.J. 463, 470 (1999). Unlike the Law Division, we do not independently assess the evidence. Id. at 471. In reviewing "a de novo verdict after a municipal court trial," we must "'determine whether the findings made could reasonably have been reached on sufficient credible evidence present in the record,' considering the proofs as a whole." State v. Ebert, 377 N.J. Super. 1, 8 (App. Div. 2005) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)). This court's review of a

trial court's legal determinations is plenary. State v. Kuropchak, 221 N.J. 368, 383 (2015).

We conclude that the proofs are not only sufficient to sustain defendant's conviction; they are virtually undisputed. Defendant freely admitted on the record that he has tinted windows. He admitted that he does not possess a valid driver's license. He did not object to the admission of S-1, his driving abstract, showing his license was suspended at the time of the subject offenses. Nor did he challenge its admission on trial de novo or on this appeal. He did not challenge the officer's testimony that the reason he was stopped was for having tinted windows; he simply disagrees with the law. We thus discern no error in the judge's decision on de novo review rendering a guilty verdict.

We find defendant's claim of bias and prejudice to be wholly lacking in merit. Neither the judge's comment that he is "very familiar" with defendant based on defendant's prior appearances before him, nor his observation that defendant had "been in court more than anybody else that [he knows]," is sufficient to trigger a suggestion of bias. See Clawans v. Schakat, 49 N.J. Super. 415, 421 (App. Div. 1958) ("We are not to assay prejudice on the basis of [a litigant's] oversensitivity to the rulings and comments of a trial judge, such as normally occur in the course of any trial and which we find, in this case, were

6

unexceptionable."); cf. State v. Perez, 356 N.J. Super. 527, 530, 533 (2003) (finding recusal was required based on judge's statement about "[t]hese Spanish people coming in here and saying, I want an interpreter.").

Defendant's dissatisfaction with the court's rulings that he had been provided with all available discovery and with notice of the trial date is not indicative of bias. See State v. Marshall, 148 N.J. 89, 186 (1997) ("[B]ias is not established by the fact that a litigant is disappointed in a court's ruling on an issue."). Regardless, defendant failed to present any competent evidence that the judge's rulings were erroneous. Defendant conceded that he had appeared in court on a prior occasion and was advised to appear on December 17, 2019, which he did. He has not identified any additional discovery that was not provided that would have aided in his defense. Indeed, given his admissions at trial and the other documentary evidence, which went unchallenged, we are at a loss to imagine how a new trial before another judge would change the outcome of his trial.

To the extent we have not addressed defendant's remaining arguments, we conclude that they are without sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4480-19