181 P.2d 159

TALBOT v. TAYLOR, District Judge.

No. 5014.

Supreme Court of New Mexico.

April 23, 1947.

Adolph J. Krehbiel, of Clayton, for petioner.

H. E. Blattman, of Las Vegas, D. A. Paddock, of Clayton, and Noble & Spiess, of Las Vegas, for respondent.

McGHEE, Justice.

This is an original action instituted by C. P. Talbot, as executor pendente lite of the last will and testament of Leck Burk, deceased, seeking a writ of prohibition against the Honorable Livingston N. Taylor, Judge of the Eighth Judicial District, to prevent the enforcement of an order appointing coadministrators and any acts on his part in general probate proceedings removed to the district court of Union County.

.Probate of the will of Leck Burk, deceased, executed on June 16, 1944, was refused by order of Union County Probate Court. By the same order, C. P. Talbot was appointed executor pendente lite as required by Section 32-211 of the N.M.1941 Comp., and said purported last will and testament of decedent, together with all testimony taken, and a transcript of the proceedings was by the probate court transmitted to the clerk of the District Court of Union County for hearing de novo pur-

suant to Section 32-210 of the N.M.1941 Comp. This case was docketed as cause No. 10,191 by the clerk of the court and a trial was had thereon; on October 5, 1946, respondent stated in open court that he would refuse probate of said will, but did not enter judgment refusing probate of the will until December 16, 1946.

In the general probate proceedings on October 15, 1946, upon a petition theretofore filed on behalf of Bertha McGuire, objector, respondent ordered the removal of the general administration proceedings for probate of the estate in accordance with Section 16-420 of the N.M.1941 Comp. This case was docketed as cause No. 10,200 in the Union County District Court. Nothing was ever submitted to respondent by petitioner in Cause No. 10,200 for determination.

On November 8, 1946, the attorneys for the proponent and objector presented their requested findings of fact and conclusions of law in Cause No. 10,191 to the respondent, who announced he would reject all of them and would himself prepare and file findings and conclusions.

Immediately prior to the hearing in Cause No. 10,191, an affidavit of disqualification had been filed against Judge Taylor in the general probate Cause, No. 10,200, and the attorneys for the objector (sister of deceased) had been served with a copy thereof. The attorneys for the proponent did not advise Judge Taylor of its filing, but the statement is made in the brief and not denied that one of the attorneys for the objector told Judge Taylor of its filing before the application for the appointment of temporary administrators was presented and the order made thereon.

As soon as Judge Taylor stated that he would later prepare and file his findings and conclusions, the attorneys for the objector presented a motion in Cause No. 10,191 asking for the appointment of temporary administrators, and respondent, over the objection of petitioner, immediately sustained the motion and directed the petitioner to deliver the assets of the estate to them, the practical effect of which was the removal of petitioner as executor pendente lite. No service of the motion had been made on the petitioner or notice given his attorneys that such a request would be made.

The first question for determination is the power and jurisdiction of a district judge when a will is certified to the district court under the provisions of Sec. 32-210, N.M.Statutes 1941, reading as follows: "32-210. Finding as to validity of will—Invalidity—Hearing by district court—Jury trial—Transmission of district court judgment to probate court.—If the probate judge finds the due execution and validity of the will to be proved, he shall render a judgment approving it as the last will and testament of the decedent, which shall be

entered of record in the case. If such judge shall be of the opinion that the will is not valid, he shall endorse such opinion on the will and transmit the same, with all the testimony taken before him, and a transcript of the proceedings, to the clerk of the district court of his county. The matter shall then stand for hearing de novo in the district court the same as on appeal, but either party, on demand therefor, shall have the right to a trial by jury on such appeal; and the judgment of the district court declaring the will valid or void, shall, when the same becomes final, be certified by the clerk of the district court to the clerk of the probate court, and shall be entered of record in the latter court as a part of the proceedings in the case."

■ We hold that his power and jurisdiction is limited to a determination of the validity of the will and the entering of judgment, and sending the case back to the probate court unless an appeal be taken. We hold, therefore, that the order of the respondent appointing coadministrators was void. He would, of course, have the power to sign such orders as might be proper for the perfecting of an appeal to this court.

■ While the question of the validity of the will is before the district court the general probate remains with the probate court unless removed to the district court by separate petition and order.

■ The respondent asserts that on removal of the general probate case it should have been docketed and the papers filed in Cause No. 10,191 instead of being given a new number and place on the docket, and that in appointing administrators he was exercising general probate jurisdiction instead of limited jurisdiction following the certification of the will to the district court. We are unable to agree with this contention. We think the general probate case was properly docketed as a separate case, and that he was acting in No. 10,191 under an erroneous belief as to his powers in said cause.

■ The affidavit of disqualification in No. 10,200 (the general probate case) was prematurely filed due to the fact there was no adversary matter then pending. We hold a resident district Judge may be disqualified from hearing specific contested matters in a probate case in which the affiant is interested, leaving him free to hear the general probate matters.

The alternative writ will be made absolute as to Cause No. 10,191, and discharged as to Cause No. 10,200, subject to the above directions, and it is so ordered.

BRICE, C. J., LUJAN and SADLER, JJ., concur.

COMPTON, J., did not participate.