10 N.J. Super. 605 (1950)
77 A.2d 519
IN THE MATTER OF THE CHALLENGE OF DISQUALIFICATION FILED BY MISS LILLIAN CLAWANS AGAINST HONORABLE ALEXANDER P. WAUGH, JUDGE.
Superior Court of New Jersey, Essex County District Court.
Decided December 7, 1950.
*606 Before Judges JOHN J. FRANCIS, JOSEPH G. LYONS and WALTER H. CONKLIN, sitting as triers pursuant to statute.
Mr. George R. Sommer, for Miss Lillian Clawans.
Mr. Everett M. Scherer, amicus curiae.
PER CURIAM.
Miss Lillian Clawans, a member of the Bar of this State, filed an affidavit on the basis of which she seeks disqualification of Judge Alexander P. Waugh, Presiding Judge of the Essex County District Court. Following this action, by virtue of R.S. 2:26-194, Judge Waugh appointed the members of this special tribunal as triers of the challenge. *607 We then appointed an amicus curiae to appear in the proceeding, who, upon notice, moved to dismiss the challenge as being insufficient in fact and in law under the statute. At the conclusion of the argument counsel for the challenge indicated his agreement that the matters contained in the affidavit did not present a cause for recusation within the statute. Because of the general interest which has been exhibited in the action we have concluded to file this memorandum expressing our views on the subject.
The statute of New Jersey dealing with the disqualification of a judge sets forth four grounds which accomplish that result. They are:
1. Relation in the third degree to any of the parties to the action;
2. Where the judge has been attorney of record or counsel for a party to such action;
3. Where he has given his opinion upon a matter in question in such action; and
4. Where he is interested in the event of such action. (R.S. 2:26-193.)
The first and last of these causes are taken from the common law. The blood relationship exclusion is plain and needs no explanation. The "interest" referred to means a pecuniary interest and that alone.
In In re Hague, 103 N.J. Eq. 505 (Ch. 1928, Chancellor Walker), the opinion quotes with approval the following statement in County Commissioners of Charles Co. v. Wilmer, 131 Md. 175; 101 A. 686 (Ct. of App. 1917):
"`The contention made by the appellant is that the disqualification is caused by a sentimental as well as by a pecuniary interest' * * *. `The constitutions or statutes of most, if not all, of the different states, contain a general provision to the effect that a judge shall not act as such in a cause in which he is interested; but the overwhelming weight of authority in construing the meaning that is to be attached to the provision is, that to bring about a disqualification, the interest must be a pecuniary or a personal right or privilege in some way dependent upon the result of the case as contradistinguished from every bias, partiality or prejudice which the judge may entertain with reference to the case.'"
*608 The affidavit filed here does not seek the disqualification of Judge Waugh in a particular case. It seeks his general disqualification as a judge in all future cases in which Miss Lillian Clawans appears as attorney for a party, and the basic ground urged is that he is so biased and prejudiced against her that no client represented by her would receive a fair trial.
In support of the demand for recusation four specific cases are referred to which resulted adversely to Miss Clawans' clients after trial before him. In these cases she claims her clients should have been successful. She further refers to a question put to her by him during one of the trials as to whether or not she had read Rule 3:80 which, upon reading, she found dealt with contempt proceedings.
It is plain from this general outline of the affidavit that the challenge is not within the purview of the statute (R.S. 2:26-193, 194).
Even assuming that a judge has an antipathy toward a particular attorney, as was said in 536 Broad Street v. Valco Mortgage Co., 135 N.J. Eq. 581 (Ch. 1944); affirmed on opinion below, 136 N.J. Eq. 513 (E. & A. 1945):
"It has been repeatedly stated that prejudice growing out of business, political or social relations is not sufficient to disqualify a judge."
(Also In re Hague, supra; State v. Weinberger, 38 F.2d 298 (D.C.N.J. 1930)).
Fundamentally the reason for the establishment of this doctrine is that a judge is conscience-bound under his oath of office to do impartial justice between parties to litigation before him. Therefore, "Not only is a judge not required to withdraw from the hearing of a case upon the mere suggestion that he is disqualified to sit, but it is improper for him to do so unless the alleged cause of recusation is known by him to exist or is shown by proof to be true in fact." State v. De Maio, 71 N.J.L. 220 (E. & A. 1904).
In In re Hague, supra, Chancellor Walker referred with approval to McEwen v. Occidental Life Ins. Co., 172 Cal. 6 *609 (Sup. Ct. 1916), holding that "erroneous rulings against a litigant, even when numerous and continuous, form no ground for a charge of bias or prejudice, especially when they are subject to review."
The fact that a judge has expressed irritation with an attorney during a trial, or has indicated a dislike for him or his manner of conducting trials, or has said that the attorney should be held in contempt would not justify a challenge to his capacity to sit in judgment on the attorney's cases nor would such fact justify a judge in disqualifying himself from the performance of his sworn duty to administer justice in the actions within the jurisdiction of his court.
There are very few cases in our own State dealing with this subject. Reference to some in other jurisdictions illustrative of the principle just set forth may be helpful.
In Hutchinson v. Manchester Street Railway Co., 60 A. 1011 (Sup. Ct. N.H. 1905), a challenge was interposed for alleged prejudice against the defendant's attorney. It was alleged that following the trial of another cause the judge informed the attorney that if he intended to try other cases along the lines adopted in the one just completed he must expect no concessions from the court. So it was asserted that "defendant is led to fear and believe that it will not be able to have a judicial trial at this time."
The court overruled the challenge because: (1) it merely expressed the opinion of the party that he could not get a fair trial before the challenged judge; (2) the statement attributed to the judge is not indicative of prejudice or hostility toward the defendant, and (3) "at most the remark relates to relations between the judge and counsel, which is no cause for challenge even of a juror."
Speaking of the common law doctrine of disqualification, the court said:
"At common law, interest in the cause was the only ground which disqualified the judge. * * * For the law will not suppose a possibility of bias or favor in a judge who is already sworn to administer impartial justice, and whose authority greatly depends upon that presumption and idea."
*610 In Ex parte N.K. Fairbank Co., 194 F. 978 (D.C. Ala. N.D. 1912), the defendant company by its attorneys complained to the circuit court of the delay of the district court judge in bringing on the action for trial. The circuit judge referred the complaint to the district judge who replied, explaining the delay and pointing out that the attorneys who made the complaint were not the local attorneys of the company. He wrote further that if they had taken the trouble to ascertain the facts they would have discovered the true reasons for the delay and therefore he did not care to advise with them.
Affidavits of disqualification were then filed alleging, among other things, prejudice against the litigant and prejudice against its counsel.
The challenge was rejected, the court saying:
"The letter * * * does not show any personal prejudice against the attorney who wrote that application, and prejudice of a judge against a counsel of a party, when it exists, does not disqualify a judge from presiding in a case in which the lawyer is engaged or prove prejudice against his client; otherwise, every time a judge reproved or deprecated the conduct of an attorney in the trial of a case, no matter how justly, even as to matter preparatory to bringing it to trial, another judge would have to be called in."
An example of sharp reproof administered to counsel by a court appears in People v. Emmett, 123 Cal. App. 678, 12 P.2d 92 (D.C. of App. 1932). During a colloquy between court and counsel over the challenging of a juror the court remarked to counsel that "Your standing before these courts Mr. ____ is not such to entitle you to any great consideration." An affidavit was filed charging the judge with bias and prejudice.
On appeal it was said that there was an entire absence of any allegation of fact justifying the inference that the court was biased or prejudiced in the slightest degree against the appellant.
An excellent statement of the rule and the reason therefor is set forth in Higgins v. City of San Diego, 126 Cal. 303, 58 P. 700 (Sup. C. Cal. 1899):
*611 "We can see nothing to justify appellant's conclusion that disqualifying bias exists in the minds of the judges from the episode as to the insufficient affidavit. The judges might without just provocation have thought the attorneys guilty of contempt, and might have said so; but we cannot say that for this reason they would be disposed to bear down upon the attorneys' client or unduly favor the city. Nor can we so far impeach the sense of fairness and justice which it is presumed rests in the conscience of every judge as to say that, because the attorney has incorporated distasteful and even scandalous matter in a brief reflecting upon the judge, therefore the judge would punish the offense by mulcting the innocent client. If we must presume bias and prejudice towards a client because of ill feeling towards the attorney, it would establish a dangerous rule by which the attorney through his own fault could have his case transferred to another judge by quarreling with the court. We prefer to believe that a judge may, with or without cause, cordially dislike and even distrust an attorney, and yet be capable of doing exact justice towards his client."
Also in May v. May, 150 Ky. 522, 150 S.W. 685 (Ky. Ct. of App. 1912), it was urged that the judge was disqualified because he was unfriendly to appellant's attorney and on intimate terms with opposing counsel. The court said:
"A judge of a court is human, and like every other man, must have his likes and dislikes, must find in the members of the bar characteristics and qualities which he likes or dislikes, of which he approves or disapproves. In so far as he is not swayed by these natural emotions to do any man an injustice, the fact that he has them in common with his brother man does not disqualify him from trying a case."
Aside from the considerations to which we have already adverted, the challenge is insupportable for still another reason. It does not seek the disqualification of Judge Waugh in any case now pending before him nor on behalf of any particular litigant now before him. It is asked that he disqualify himself or that he be disqualified generally in all cases in which Miss Clawans appears as attorney because of bias and prejudice against her.
Manifestly such challenge is not within our statute, which relates, as all such statutes do, to "any matter in controversy in a cause pending in his court." (Sec. 193.) We have found no reported case where a judge has been subjected to any such general disqualification.
*612 The New Jersey statute is more comprehensive than the common law, and this special tribunal, which is created by it for the purpose of determining attacks upon the qualification of a judge, must be bound by its provisions and limitations. As Corpus Juris Secundum puts it: "In order that a judge may be disqualified, there must exist a ground authorized by law to disqualify him, and it is not for the courts to add other grounds of disqualification. As a general rule, where the grounds which will operate as a disqualification of a judge are expressly and comprehensively set out in a constitution or statute, such provisions are held to be exclusive, particularly where the grounds for disqualification prescribed by the statutes comprehend all those recognized at common law * * *." (48 C.J.S., § 77, Judges; Garrett v. State, 187 Miss. 441, 193 So. 452 (Miss. Sup. Ct. 1940); Blakeman v. Harwell, 198 Ga. 165, 31 S.E.2d 50 (Sup. Ct. 1944); Riner v. Flanders, 173 Ga. 43, 159 S.E. 693 (Sup. Ct. 1931)).
Our examination of the law and our study of the affidavit have convinced us that the challenge made cannot be sustained. And we are likewise convinced that under the circumstances Judge Waugh would not be justified in recusing himself.
An order may be presented dismissing the challenge.