311 A.2d 567.

STATE *vs.* LESLEY E. STORMS *et al.*

NOVEMBER 20, 1973.

PRESENT: Roberts, C. J.. Paolino, Joslin and Kelleher, JJ.

PAOLINO, J.  While these cases were pending in this court

the defendant in each case filed a "Motion for Recusal"[1] asking one of the justices of this court, Justice Doris, to withdraw from the case for the reasons set forth in the respective motions. Just prior to argument on the merits Justice Doris denied the motions. An appeal to the full bench followed and the appeals were assigned for hearing. Prior to the hearing of those appeals, an opinion on the merits was filed in each case. *See State* v. *Storms,* 112 R.I. 121, 308 A.2d 463 (1973) and *State* v. *Drew,* 112 R.I. 129, 308 A.2d 516 (1973), both filed on August 6, 1973.[2] The cases are now before us on defendants' appeals from the denial of their motions for recusal.

When the cases were ready for oral arguments on these appeals, defendants' counsel argued that these appeals had become moot because the cases had been decided on the merits and opinions filed therein. However, because of the importance of the questions raised, we felt that the public interest required that we hear the issues raised by the instant appeals. Accordingly, we shall address ourselves to those issues.

The first question raised by defendants is "What is the appropriate procedure seeking recusal of a member of a court which sits en banc?" The state has interposed no objection to the procedure pursued by defendants and, therefore, in the absence of any jurisdictional defect in the pro-

---

[1]"Recusation" is described in Black's Law Dictionary 1442 (4th ed. rev. 1972) as:

> "A species of exception or plea to the jurisdiction, to the effect that the particular judge is disqualified from hearing the cause by reason of interest or prejudice."

To file a "Motion for Recusal" is to request that a judge disqualify himself for the above reasons.

[2]We noted in each of those cases, by footnotes, that the appeals from Justice Doris's refusal to abstain from participating were pending in this court.

cedure followed by defendants, it is unnecessary to discuss this question.

The defendants' next question is "When must such objection or motion be filed?" We agree with the position taken by defendants and the state that such an objection or motion must be timely filed. Since the state concedes that in the case at bar the motion was timely filed, there remains no reason for further discussion of this question.

We come now to the question of whether a litigant may object to a judge on the ground that the judge is prejudiced against his counsel.[3] Generally the only prejudice which will disqualify a judge, except for statutory disqualification for interest, is a personal prejudice for or against a party to the cause.[4] *Mahan* v. *Mahan,* 101 Ill. App.2d 155, 242 N.E.2d 11 (1968); *State* v. *Weygandt,* 164 Ohio St. 463, 132 N.E.2d 191 (1956); *Morse* v. *Morse,* 126 Vt. 290, 229 A.2d 228 (1967). Ordinarily he is not

---

[3]The defendant Storms appeared personally before the court and stated that he did not know Judge Doris, that he felt he would not be prejudiced by his sitting on the case, and that he wanted his counsel to continue with his case on the merits.

[4]General Laws 1956 (1969 Reenactment) §8-3-5 provides for disqualification for interest. It reads as follows:

"Disqualification of justice for interest.—No justice shall sit in the trial of any cause in the event of which he may be interested, or where either of the parties shall be connected with him or his wife by consanguinity nearer than the relationship of second cousin, or in which he may have been counsel, or in which he has presided in any inferior court, or in any case in which the ruling or act of such justice sitting alone or with a jury is the subject of review, except by consent of all the parties; provided, that residence or payment of taxes in any town, or an interest in common with all the inhabitants of such town, shall not exclude him from sitting in any cause to which such town is a party, or in which such town or the inhabitants thereof may be interested; and provided, further, that the interest which shall disqualify any justice from so sitting shall be a beneficial and not a technical or nominal interest."

disqualified by prejudice or bias against the attorney of a party. *Shakin* v. *Board of Medical Examiners,* 254 Cal. App.2d 102, 62 Cal. Rptr. 274, 23 A.L.R.3d 1398 (1967); *Liston* v. *Butler,* 4 Ariz. App. 460, 421 P.2d 542 (1966).

The defendants' counsel concedes the general rule is as above stated, but argues that where a judge indicates bias against counsel which would affect his impartiality towards all litigants, such prejudice is grounds for recusal. He cites *Nelson* v. *Fitzgerald,* 403 P.2d 677, 678 (Alaska 1965), where the judge said: "* * * I don't want to hear any matter of yours or your firm's." He claims that this is practically the same thing that Justice Doris said to him while he, Justice Doris, was a justice of the Family Court. The defendants' counsel states in his brief that Justice Doris "forbade Berberian to appear before him again in any court."

The record does not support counsel's representation as to what Justice Doris said in the Family Court. The incident in question took place while Justice Doris was a judge of that court. It appears from the transcript of the hearing in the Family Court that defendants' present counsel represented one of the parties in a case scheduled for hearing before Justice Doris and that he did not appear in court when the case was called. As a result of his failure to appear Judge Doris made the following statement:

> "* * * this case was reached twice before on today's calendar, and at the suggestion of Mr. Brady, due to the absence of Mr. Berberian, the matter was continued to this time. The record may also show that Mr. Berberian is not to appear before this Court of which I will preside over on any other occasions, until he publicly appears before the Court and apologizes for his actions today. The Clerk will notify Mr. Berberian that that is an order which I have issued, and he is not to appear before me until my order of a public apology to the Court is carried out.—No answer, Sheriff? All right. You may proceed."

458

It is clear from the above statement that Justice Doris did not say that counsel could not appear before him in any court; on the contrary, he specifically referred to the court of which he was then a member. We find nothing in his language which indicates bias or prejudice sufficient to warrant a recusal by Justice Doris. The defendants' counsel has failed to establish that Justice Doris has personal bias or prejudice against him of a character calculated to impair his fairness and impartiality or to sway his judgment in any case in which he is counsel. *Kelley* v. *City Council of Cranston*, 61 R.I. 472, 1 A.2d 185 (1938). In fact the record contains no evidence of bias or prejudice against defendants or their counsel.

The defendants next raise the question of whether a litigant may object to a judge by reason of the alleged invalidity of his election and qualification.

The defendants set forth the following facts in their brief. On January 9, 1973, the Honorable William E. Powers, then an Associate Justice of this court, submitted his resignation as a member of this court by letters addressed to the presiding officers of the House of Representatives and the Senate of this state, to be effective January 31, 1973. The House and Senate accepted the resignation in concurrence.

On January 12, 1973, the House and Senate met in Grand Committee for the purpose of selecting an Associate Justice of the Supreme Court to succeed the Honorable William E. Powers. Justice Doris was declared elected, vice William E. Powers.

The defendants contend that the resignation of Justice Powers was ineffective because it was neither addressed to the Grand Committee nor accepted by that body; that a resignation which is prospective does not take effect until the day named and is no resignation at all; that in the circumstances there was no completed resignation and no

vacancy to fill; and that consequently the purported election was a nullity.

The defendants concede that generally the only person who can challenge a judge's title or right to office is the attorney general by a suit in the nature of quo warranto or by a claimant thereto through a writ of quo warranto. *See Annot.* 144 A.L.R. 1207. However, they argue that notwithstanding the general rule elsewhere, in this state the General Assembly has abrogated the general rule by the enactment of G.L. 1956 (1969 Reenactment) §§12-6-1, as amended by P.L. 1972, ch. 169, sec. 15 and 11-14-1.[5]

The defendants contend that under §12-6-1 an individual can complain to a court that a person is a pretender to office in violation of §11-14-1. We do not agree with defendants' interpretation of these statutes. Rather, we adopt the state's view. As the state points out §12-6-1 allows a complainant to be examined under oath as to the commission of an offense and §11-14-1 provides for the penalty for the impersonation of a public officer. Although a complainant could complain under §12-6-1 that

---

[5]General Laws 1956 (1969 Reenactment) §§12-6-1, as amended by P. L. 1972, ch. 169, sec. 15, and 11-14-1 read as follows:

"Examination on complaint of commission of offense.—Whenever any complaint shall be made to any judge of the district court, or to any justice of the peace authorized to issue warrants within a division of said court, of the commission of any offense within said division, he shall examine the complainant under oath or affirmation and require their statements to be reduced to writing and be subscribed and sworn to by the persons making them."

"Impersonation of public officer.—Every person who shall falsely assume or pretend to be a judge, justice of the peace, warden, sheriff, deputy sheriff, alderman, member of any city or town council, city or town clerk, city or town treasurer, member of any school committee, town sergeant, city sergeant, constable, or any other officer of any city or town in this state, and shall act as such, shall be imprisoned not exceeding one (1) year or be fined not exceeding one thousand dollars ($1,000)."

another person was falsely impersonating a public officer, a warrant would not issue until the officer to whom the complaint is made finds probable cause to believe that an offense has been committed. We agree with the state's argument that the fact that such a complaint could be filed does not change the general rule that a party cannot attack the title or authority of one acting under color of right as the duly elected or appointed judge of a court in litigation pending therein. *Butler* v. *Phillips,* 38 Colo. 378, 88 P. 480 (1906). We conclude, therefore, that there is no merit to defendants' argument with respect to §§12-6-1 and 11-14-1 and that the general rule discussed above governs here. Thus, notwithstanding the absence of any serious question with respect to the validity of the election and qualification of Justice Doris, we are constrained to hold that under the governing rule the defendants have no standing to challenge such election and qualification. *Ex parte Levitt,* 302 U.S. 633, 58 S.Ct. 1, 82 L.Ed. 493 (1937); *Comm.* v. *DiStasio,* 297 Mass. 347, 8 N.E.2d 923 (1937). *See Black* v. *Cummings,* 62 R.I. 361, 5 A.2d 858 (1939).

In view of our conclusion regarding the question of standing, we do not reach the remaining questions raised by the defendants.

The appeal of each defendant is denied and dismissed.

Mr. Justice Doris did not participate.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, for plaintiff.

*Berberian & Tanenbaum, Aram K. Berberian,* for defendants.