519 P.2d 304

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Macario SANCHEZ, Defendant-Appellant.**

**No. 1230.**

Court of Appeals of New Mexico.

Feb. 13, 1974.

J. Alan Hartke, Marjon & Hartke, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., F. Scott MacGillivray, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant appeals his conviction of burglary of an automobile. Section 40A–16–3, N.M.S.A.1953 (2d Repl.Vol. 6). The two issues concern: (1) a free transcript of a previous trial and (2) attempted disqualification of the trial judge.

*Free transcript.*

■ Defendant was tried June 14, 1972. The result was a mistrial because the jury could not agree on a verdict. Trial was rescheduled for January 30, 1973. On January 26, 1973, defendant moved that he be furnished a free transcript of the trial in June, 1972, and moved for a continuance of the January 30, 1973 trial date. Both motions were denied. The trial court ruled that supplying a free transcript "can not be done without granting a continuance of the trial date."

Defendant does not assert the trial court erred in denying the motion for a continu-ance. His claim is that, as an indigent, denial of his request for a free transcript violated his constitutional rights. He relies on Britt v. North Carolina, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971) and Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967).

Defendant's contention centers on the fact that the request for a free transcript was denied. We answer this contention on the basis of the circumstances existing when the request was made. Those circumstances were: (a) defendant's counsel at the first trial sought and obtained a continuance on July 27, 1972; (b) the New Mexico Supreme Court, by order dated August 10, 1972, extended the time for trial under Rule 95 of the Rules of Civil Procedure until February 1, 1973; (c) counsel at the first trial was permitted to withdraw from the case December 6, 1972, and new counsel was appointed December 7, 1972; (d) new counsel's time sheet shows he engaged in "[r]esearch and investigation" of the case on January 3, 4, 5 and 6, 1973; (e) the request for the free transcript was not made until four days before the trial date and until six days before expiration of the extension granted by our Supreme Court; (f) there is an absence of any showing that the transcript could have been prepared between the time of the request and the trial date.

Defendant presents two arguments in avoidance of these circumstances. First, he asserts that new counsel, appointed December 7, 1972, had been unable to contact defendant until shortly before the motion for a free transcript was filed and, until that contact, defendant was unaware there had been a change in his counsel. There is nothing indicating this lack of contact prevented counsel from making a timely request for a transcript. Our answer is that trial preparation, including the request for the transcript of the first trial, is not to be tied to the convenience of a defendant. State v. Gutierrez, 82 N.M. 578, 484 P.2d 1288 (Ct.App.1971). Second, he contends that the lateness of his request for the transcript "should not be allowed to weigh so heavily against his rights that his

opportunity for a full and fair hearing is infringed." Our answer is that any impairment of his "right" to a free transcript is attributable to his own delay. More than seven months elapsed between the time of his first trial and the request for a transcript of that trial. State v. Martinez, 83 N.M. 9, 487 P.2d 919 (Ct.App.1971).

■ The circumstances of the case cannot be disregarded. Those circumstances show a delay in requesting the transcript of the June, 1972 trial; specifically, an untimely request. People v. Montgomery, 18 N.Y.2d 993, 278 N.Y.S.2d 226, 224 N.E.2d 730 (1966) states the request for a transcript should be made far enough in advance of the trial date to allow a reasonable time for its preparation so that the trial will not be delayed. We agree. The trial court did not err in denying the request for a transcript. State v. Martinez, supra; see State v. Apodaca, 80 N.M. 244, 453 P.2d 764 (Ct.App.1969).

*Attempted disqualification.*

Judge Maloney presided at the trial which began January 30, 1973. The record shows that immediately prior to the start of the trial defendant orally attempted to disqualify Judge Maloney, and filed a statutory affidavit of disqualification [§ 21–5–8, N.M.S.A.1953 (Repl.Vol. 4)] on January 31, 1973, while the jury was deliberating on its verdict.

Defendant claims that Judge Riordan was the judge scheduled to preside at the trial beginning January 30, 1973, and that "ten minutes prior to the trial it was reassigned to Judge Maloney. Upon hearing that Judge Maloney would preside over the case, Mr. Sanchez stated for the first time that he did not wish to have Judge Maloney preside over his case." The factual claim that the case was scheduled before Judge Riordan and then assigned to Judge Maloney ten minutes before trial time is not supported by the record. The record does show that Judge Riordan denied the motions filed January 26, 1973, and that Judge Maloney presided at the trial which began January 30, 1973, but nothing shows

that Judge Riordan had been assigned to try the case. No inference can be drawn as to the name of the judge assigned to try the case because the record shows action at various times by Judges Stowers, Larrazolo, Fowlie and Payne, as well as Judges Riordan and Maloney.

For this appeal we will assume that Judge Riordan was the assigned judge for the January 30, 1973 trial and that ten minutes before trial it was reassigned to Judge Maloney. The question is whether defendant could disqualify Judge Maloney immediately prior to beginning of the trial. The answer is that he could not.

Prior to amendment in 1971, § 21–5–9, N.M.S.A.1953 (Repl.Vol. 4) required the affidavit of disqualification to be filed not less than ten days before the beginning of the term of court, if the case was at issue. Under this statute, in a situation where a party did not know which judge would actually preside at trial, it was held that a provisional affidavit of disqualification could be filed which named the judge which a party felt could not preside impartially. In such a situation, the provisional disqualification would be effective to prevent the judge named from presiding at trial. Notargiacomo v. Hickman, 55 N.M. 465, 235 P.2d 531 (1951). This Court applied *Notargiacomo,* supra, to facts similar to those in this case in State v. Baca, 81 N.M. 686, 472 P.2d 651 (Ct.App.1970). See also, State v. Lucero, 82 N.M. 367, 482 P.2d 70 (Ct.App.1971).

After amendment, § 21–5–9, N.M.S.A. 1953 (Repl.Vol. 4, Supp.1973) provides that the affidavit of disqualification shall be filed within ten days after the cause is at issue or within ten days after the time for filing a jury demand has expired, whichever is later. This amendment changes the time for filing the affidavit. The amendment does not change the holding in *Notargiacomo,* supra.

■ Defendant was indicted February 3, 1972, and pled not guilty at arraignment on February 14, 1972. The time for filing an affidavit of disqualification had clearly expired when disqualification of Judge Malo-

ney was attempted on January 30, 1973. There having been no provisional disqualification, Judge Maloney correctly ruled the attempted disqualification was untimely. Notargiacomo v. Hickman, supra; State v. Baca, supra; State v. Lucero, supra.

The judgment and sentence is affirmed. It is so ordered.

HERNANDEZ and LOPEZ, JJ., concur.