570 P.2d 589

**John DOE, a child, Petitioner,**

**v.**

**STATE of New Mexico, Respondent.**

**No. 11574.**

Supreme Court of New Mexico.

Sept. 21, 1977.

Bruce P. Moore, Albuquerque, for petitioner.

Toney Anaya, Atty. Gen., Roderick A. Door, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

SOSA, Justice.

The Honorable Joseph C. Ryan, District Judge of the Children's Court of the Second Judicial District, removed himself from a case involving delinquent acts on the part of a minor. Thereafter, by consent of the parties, Mary Walters was appointed to sit as judge designate of the case; and, while sitting as judge designate, she dismissed the petition alleging delinquency. The State appealed the dismissal to the Court of Appeals. That court then instructed the par-

ties to brief the issue of Mary Walters' authority to preside over the case, and held that she acted without the requisite authority.

The State's petition was filed in January 1977, alleging certain delinquent acts by the defendant minor. The minor was arraigned before the children's court, Judge Ryan presiding. Judge Ryan ruled on various motions on March 7, 1977. Trial was scheduled before Judge Ryan on March 16, 1977, but because of motions granted the case was twice rescheduled. It was finally heard on March 23, 1977.

The following stipulations were entered into by the parties:

4. Thereafter, on March 23, 1977 the Honorable Joseph C. Ryan orally removed himself as trial judge in this cause, without disqualification or recusal.

5. No District Court judge was available in the Second Judicial District to preside in the cause, and as a result, Judge Ryan suggested the parties select a member of the bar of this state to preside as judge.

8. Counsel for each party agreed to have Mary Walters sit as judge pro tempore in this cause.

9. Judge Ryan then telephoned Mary Walters and inquired whether she would be available to preside in this cause and advised her that counsel for the parties had agreed to her as judge pro tempore.

10. Judge Ryan did not participate in the cause thereafter.

11. Trial of the cause began on March 23, 1977 with Mary Walters presiding as judge pro tempore.

12. At the beginning of the proceedings on March 23, 1977, counsel for the parties again represented to Mary Walters that they had agreed upon her as judge pro tempore.

16. Mary Walters has been a district judge for Bernalillo County and is now the Probate Court Judge for Bernalillo County.

17. Neither jurisdictional questions nor waiver of jurisdictional questions were raised at anytime by any party.

The Court of Appeals, in essence, held that since Judge Ryan only removed himself from the case and was never properly disqualified, then Mary Walters' appointment as a judge pro tempore was invalid, and therefore she was without authority to preside over the case.

The New Mexico procedure for the appointment of a judge pro tempore is embodied in N.M.Const., art. VI, § 15 which states in part:

> If any judge shall be *disqualified* from hearing any cause in the district, the parties to such cause, or their attorneys of record, may select some member of the bar to hear and determine said cause, and act as judge pro tempore therein. (emphasis added).

The issue then becomes: Did Judge Ryan's act of orally removing himself from this case substantially comply with our laws which address the disqualification of judges? The answer to this question determines whether Mary Walters had authority to preside in the case.

Section 21–5–8, N.M.S.A.1953, in essence, allows for the disqualification of a district court judge by the filing of an affidavit from one of the parties when the party believes the judge cannot preside over the action with impartiality. This section only addresses itself to the issue of a *party* disqualifying a judge and it appears to be the exclusive method by which a party may disqualify the presiding judge.

A companion to the above constitutional section is N.M.Const., art. VI, § 18 which states:

> No justice, judge or magistrate. of any court shall, except by consent of all parties, sit in any cause in which either of the parties are related to him by affinity or consanguinity within the degree of first cousin, or in which he was counsel, or in the trial of which he presided in any inferior court, or in which he has an interest.

■ The New Mexico Code of Judicial Conduct, in portions of Canons 2 and 3, sets

forth reasons which allow judges to disqualify themselves. Canon 2(B) [§ 16–11–2(B), N.M.S.A.1953 (Repl. Vol. 4, 1975 Supp.)], states:

A judge should not allow his family, social, or other relationships to influence his judicial conduct or judgment.

Canon 3(C) [§ 16–11–3(C), N.M.S.A.1953 (Repl. Vol. 4, 1975 Supp.)] states:

(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including, but not limited to instances where:

(a) he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(b) he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

Therefore, if a judge should avoid any hint of impropriety in his activities, he should use his discretion and remove himself from a particular case when he believes he will not be able to remain impartial.

The State urges "that the disqualification of the trial judge must either be by affidavit of disqualification pursuant to Section 21–5–8, N.M.S.A.1953, or based upon constitutional grounds." *Moruzzi v. Federal Life & Casualty Co.,* 42 N.M. 35, 75 P.2d 320 (1938). The State also contends that "[t]he record below is also silent as to whether Judge Ryan removed himself because of any constitutional grounds . . . and because of this it is assumed, for purposes of this argument, that no constitutional grounds are claimed for his 'removal.'" We do not agree with this assumption.

In reading the sections advanced by the State, nowhere is it stated that a judge must file an affidavit or order stating the reasons for his recusal. N.M.Const., art. VI, §§ 15 & 18; and § 21–5–8, N.M.S.A. 1953 (Repl. Vol. 4). Nor do we wish to insist that the Constitution mandates this by implication. Furthermore, the State addresses neither §§ 16–11–2(B) nor 16–11–3(C), N.M.S.A.1953 (Repl. Vol. 4), which allow judges, at their discretion, to voluntarily disqualify themselves.

In *State v. Allen Superior Court No. 3,* 246 Ind. 366, 206 N.E.2d 139, 143 (1965), that court stated in dictum:

[A] judge, in disqualifying himself to serve in a particular case, has a discretion in taking such action, since the reason or reasons may be personal and he need not state them . . . .

This language comports with past practice in New Mexico since many times judges recuse themselves without stating reasons for their voluntary disqualification. *See generally, State ex rel. Armijo v. Lujan,* 45 N.M. 103, 111 P.2d 541 (1941). A fortiori, if judges recuse themselves they must have valid reasons for doing so, and it is praiseworthy that they comply with the Canons of Judicial Conduct rather than risk tainting the image of impartiality which is entrusted to the bench.

■ Therefore, in reviewing all of the sections involving disqualification of judges—either voluntary or through one of the litigants—we decide today that the word "disqualified" includes withdrawal or recusal by a judge on his own motion, whether or not he states reasons for such withdrawal or recusal. In the State's reply brief it asserts that "the framers of our Constitution knew *exactly* the meaning of 'disqualified', and, in fact, meant for it to be used in the strict sense." No authority is cited for such a proposition, and therefore, we will not bind ourselves to such a strict interpretation. To assume that when a judge "removes" himself from one case the situation is distinguishable from an instance when he "disqualifies" himself from another is, in essence, a distinction without a difference.

■ Furthermore, Judge Ryan should not be held to stipulation number 4, which counsel for both sides agreed upon, since it was framed by counsel only and Judge Ryan may have disagreed with the wording. Nevertheless, we choose to read that stipu-

lation as meaning "without (formal) disqualification or recusal" since a judge may recuse himself from a case without filing an order reciting his reasons for doing so.

 For the Court of Appeals to agree with the State's argument places form over substance, and therefore, we must reverse. The State lost in the lower court and should not be allowed to get a second bite of the apple by having a new trial. Since we have decided that Judge Ryan disqualified himself in the action, pursuant to N.M.Const., art. VI, § 15, the parties, therefore, validly agreed upon Mary Walters to act as judge pro tempore. Since she acted with proper authority, the State cannot now contest such authority vested in her by the Constitution and the parties' agreement.

Since this issue is dispositive of the case we have chosen not to discuss the other issues raised.

We, therefore, reverse the Court of Appeals' decision, that Judge Pro Tempore Mary Walters was without jurisdiction to hear the case, and remand this case to them to hear the appeal on its merits.

McMANUS, C. J., and EASLEY, PAYNE and FEDERICI, JJ., concur.