624 P.2d 54

Mary **MARTINEZ, Individually and as Personal Representative of Johnny Bernard Martinez, Deceased, Jerry Vigil and Juan Vigil, Individually and as Next Friend of Jerry Vigil, a minor, Plaintiffs-Appellants,**

v.

**Transito CARMONA and Eliu E. Romero, Defendants-Appellees,**

and

**Diana Vigil, Lillian Vigil and Ralph Vigil, Defendants,**

**Human Services Department, Intervenor.**

No. 4290.

Court of Appeals of New Mexico.

Sept. 30, 1980.

Rehearing Denied Oct. 10, 1980.

Writ Quashed Feb. 9, 1981.

Robert Dale Morrison, Taos, for plaintiffs-appellants.

Eliu E. Romero, Taos, Pickard & Singleton, Santa Fe, for defendants-appellees.

OPINION

SUTIN, Judge.

After quashing a provisional affidavit of disqualification the District Court granted defendants summary judgment in a motor vehicle collision case. We reverse.

Chronologically, the following events occurred:

(1) On February 1, 1979, plaintiffs' complaint was filed in Taos County. The two resident judges were Joseph E. Caldwell and John B. Wright.

(2) On February 15, 1979, plaintiff, Mary Martinez, filed a "Provisional Affidavit of Disqualification." Paragraph 2 reads:

In the event of the disqualification of the Honorable Joseph E. Caldwell, I do not believe that the Honorable John B. Wright or the Honorable Joe Angel, District Judges who might be designated to hear this matter, can preside over this matter with impartiality.

(3) On March 29, 1979, Judge Caldwell filed a voluntary recusal in which he recused himself from presiding or participating in any matter in the case.

(4) On April 2, 1979, defendants moved the Court to strike the provisional disqualification filed by plaintiffs upon the grounds that such procedure was contrary to existing law.

(5) On May 10, 1979, Judge Wright quashed the provisional affidavit of disqualification.

(6) On May 29, 1979, plaintiffs filed a motion for disqualification of Judge Wright pursuant to Art. VI, § 18 of the New Mexico Constitution, or for voluntary recusal. It was based upon the action of the Court with reference to the provisional affidavit, the "interest" of the Court, the prior favorable conduct of the Court toward recusal, and numerous controversies and disputes between the Court and plaintiffs' attorney.

(7) On August 9, 1979, this motion was denied and summary judgment entered for defendants Carmona and Romero.

Judge Wright was judge of Division I which included Colfax and Union Counties. Judge Caldwell was judge of Division II which included Taos County. An Order was entered at the suggestion of the Supreme Court that if either judge was disqualified or had recused himself in a case, the other judge would step in. Upon Judge Caldwell's recusal, Judge Wright became the judge to try this case on the merits.

A. *The Order of May 10, 1979, was erroneous.*

On May 10, 1979, the court quashed the provisional affidavit of disqualification. The court found:

1. That this Court established Rule No. 3 of the Eighth Judicial District in Taos County District Court No. 78–55, which rule designates the Honorable Joseph Caldwell as the judge before whom all cases filed after January 1, 1979 were to be sent and tried, as well as all those cases filed after that date so long as they were not yet at issue as of January 1, 1979.

2. That this cause was filed on February 1, 1979, the aforesaid disqualification was filed on February 15, 1979, and Judge Caldwell recused himself on March 29, 1979.

3. That Judge Caldwell was the judge before whom this case was to be tried as per the provisions of the aforesaid Eighth Judicial District Court Rule No. 3.

4. That Judge Caldwell never was disqualified in this cause.

Judge Wright was mistaken. In *Doe v. State*, 91 N.M. 51, 53, 570 P.2d 589 (1977), the Supreme Court said:

Therefore, in reviewing all of the sections involving disqualification of judges—either voluntary or through one of the litigants—we decide today that the word "disqualified" includes withdrawal or recusal by a judge on his own motion, whether or not he states reasons for such withdrawal or recusal * * *

▮ Judge Caldwell was disqualified in this case.

Section 38–3–9(A), N.M.S.A. 1978 reads:

Whenever a party to an action * * * shall make and file an affidavit that the judge before whom the action * * * is to be tried and heard, whether he be the resident judge *or a judge designated by the resident judge* * * * cannot, according to the belief of the party making the affidavit, preside over the action with * * impartiality, *that judge shall proceed no further. Another judge shall be designated for the trial of the cause, either by agreement of counsel representing the respective parties, or upon failure of counsel to agree, then the fact of the disqualification and failure to agree upon another judge shall be certified to the chief justice of the supreme court of New Mexico, and the chief justice shall designate the judge of some other district to try the cause.* [Emphasis added.]

▮ Judge Caldwell was the resident judge before whom the case was to be tried and heard. He recused himself. Judge Wright was designated to try and hear the case by Judge Caldwell pursuant to a rule of Court. Plaintiff disqualified Judge Wright as the designated judge. Judge Wright could proceed no further. This procedure was in accordance with the language of the statute. We read this statute to mean that if the resident judge for any reason is unable to be present to try and hear the case, or decides not to try and hear the case, and another judge is designated, the judge designated is subject to disqualification.

Upon Judge Wright's disqualification, "[a]nother judge shall be designated for the trial of the cause." Upon failure of counsel to agree, the Chief Justice shall designate the judge of some other district to try the cause.

▮ Defendants moved to strike the provisional affidavit of disqualification. Disagreement of the attorneys was obvious. A duty arose to certify this disagreement to the Chief Justice to "designate the judge of some other district to try the cause." Certification was not made.

█ Judge Wright was disqualified to try and hear this case. The Order of May 10, 1979 was erroneous.

B. *The provisional affidavit was timely filed.*

█ The provisional affidavit was a proper method of protecting a party's substantial right. *Notargiacomo v. Hickman,* 55 N.M. 465, 235 P.2d 531 (1951) disavowed on other grounds in *Beall v. Reidy,* 80 N.M. 444, 457 P.2d 376 (1969). But the rule in *Notargiacomo* remained in the law in New Mexico. See *State v. Sanchez,* 86 N.M. 68, 519 P.2d 304 (Ct.App.1974); *Gray v. Sanchez,* 86 N.M. 146, 520 P.2d 1091 (1974); *State v. Baca,* 81 N.M. 686, 472 P.2d 651 (Ct.App.1970). *Notargiacomo* says:

> * * * True enough, parties may not know before which of two or more judges eligible to try a case, it will come on for trial. In such circumstances, the party seeking disqualification of one honestly believed by him to be biased could make a provisional affidavit, reciting the facts and adding "that if the judge before whom the case is to be tried or heard should be Judge ————, then according to affiant's belief such judge cannot preside over the same with impartiality," etc. * *

Plaintiff's provisional affidavit of disqualification was timely filed. Section 38–3–10, N.M.S.A.1978 reads:

> The affidavit of disqualification shall be filed within ten days *after* the cause is at issue or within ten days *after* the time for filing a demand for jury trial has expired, or within ten days *after* the judge sought to be disqualified is assigned to the case, whichever is the later. [Emphasis added.]

An earlier statute governing the filing of affidavits of disqualification provided as follows:

> Such affidavit shall be filed not less than ten (10) days *before* the beginning of the term of court, if said case is at issue. Section 21–5–9, N.M.S.A.1953. [Emphasis added.]

In construing this statute, the court in *State ex rel. Simpson v. Armijo,* 38 N.M. 280, 31 P.2d 703 (1934) held that the statute "is a limitation or restriction as to when such affidavit may be filed *if the case is at issue and a term of court is impending*," [Emphasis added.] [Id. 282, 31 P.2d 703] and that "[a]s to what is a timely filing, must be determined from the circumstances in each case." [Id. 283, 31 P.2d 703.]

█ This rule of statutory construction appears to have survived almost half a century. As applied to the instant case, when the affidavit was filed, the case was *not* at issue, the time for filing a demand for jury trial had *not* expired, and the judge sought to be disqualified was *not* assigned to the case. Section 38–3–10, *supra,* fixes the time for filing the affidavit *after* an event occurs. It does not apply to events *before* they occur. None of these events having occurred, the affidavit was timely filed.

Defendants did not challenge the application of this rule. They rely on *Talbot v. Taylor,* 51 N.M. 160, 181 P.2d 159 (1947). In *Talbot,* "The affidavit of disqualification No. 10,200 (the general probate case) was prematurely filed due to the fact there was no adversary matter then pending." [Id. 163, 181 P.2d 159.] This case does not support defendants' position.

The *State ex rel. Simpson* rule is good and fair in the progress of a case to be tried and heard. It avoids postponements, delays and eleventh hour filing of affidavits of disqualification dependent upon which event of three is the latest in time of occurrence. A party who files an affidavit immediately after a claim for relief is filed is not one who is guilty "of the recurrent abuses to which the statute is constantly being put to forestall trial and otherwise occasion delay." *Notargiacomo,* Id. 55 N.M. 468, 235 P.2d 531.

Plaintiff's affidavit was timely filed.

C. *The impartiality of the trial court under Canon 3(C)(1) of the Code of Judicial Conduct was not reasonably questioned.*

█ A judge may be disqualified in New Mexico for statutory, constitutional or ethi-

cal cause. The ethical bases for disqualification are set forth in Canon 3(C)(1) of the New Mexico Code of Judicial Conduct, Judicial Volume 2, N.M.S.A.1978, which reads in pertinent part:

A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned * * * where:

(a) he has a personal bias or prejudice concerning a party * * *

■ This is a judicial rule adopted by the Supreme Court. Limited to voluntary disqualification, an affidavit of a party is not essential or required.

■ This Canon places disqualification within the conscience of the judge and within his discretion. *United States v. Haldeman*, 559 F.2d 31, 139 (D.C.App.1976).

■ Voluntary recusal or disqualification are sensible in search of a fair trial. It is a subject of vital importance in the administration of justice. It was adequately explored in both *Demers v. Gerety*, 92 N.M. 749, 595 P.2d 387 (Ct.App.1978), and its reversal in 92 N.M. 396, 589 P.2d 180 (1978). Canon 3(C)(1) introduces a new rule on the subject of voluntary disqualification.

In *Demers*, [Id. 400, 589 P.2d 180], the court said:

[E]xcept in those cases where a judge's impartiality might be reasonably questioned, he must exercise his judicial function.

*Haldeman*, [Id. 139, note 360], says:

"[t]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is."

■ In other words, when a district judge believes that his impartiality might reasonably be questioned with reference to bias and prejudice concerning a party, he must not exercise his judicial function.

■ In the instant case, the record is free of any evidence, fact or inference to be drawn therefrom that Judge Wright's impartiality might reasonably be questioned concerning plaintiffs as parties. Judge Wright's impartiality might reasonably be questioned with reference to bias and prejudice concerning plaintiffs' attorney.

Numerous courts which have considered the issue have held that bias or prejudice towards an attorney on each matter raised in the trial court is insufficient to disqualify a judge. *Davis v. Board of School Com'rs of Mobile County*, 517 F.2d 1044 (5th Cir. 1975); *State v. Storms*, 112 R.I. 454, 311 A.2d 567 (1973); *Liston v. Butler*, 4 Ariz. App. 460, 421 P.2d 542 (1967); *Shakin v. Board of Medical Examiners*, 254 Cal. App.2d 102, 62 Cal.Rptr. 274 (1967); *Fleischer v. A.A.P., Inc.*, 180 F.Supp. 717 (S.D.N.Y.1959); *Clawans v. Waugh*, 10 N.J. Super. 605, 77 A.2d 519 (1950); *Dowell v. Hall*, 85 Okl.Cr. 92, 185 P.2d 232 (1947).

■ This rule is not absolute. If the bias and prejudice toward an attorney is of such a degree as to adversely affect the interest of the client, bias and prejudice toward an attorney is sufficient. *State ex rel. Davis v. Parks*, 141 Fla. 516, 194 So. 613 (1939).

■ Nevertheless, a *decision contrary to* recusal is reviewable on appeal only if it amounts to an abuse of sound judicial discretion. *Haldeman, supra.*

Judge Wright being without authority to act, the summary judgment is reversed.

The case is remanded to the District Court with instructions to certify to the Chief Justice of the Supreme Court the failure of counsel to agree upon the judge to try this case.

IT IS SO ORDERED.

ANDREWS, J., concurs.

LOPEZ, J., dissenting.

LOPEZ, Judge (dissenting).

I respectfully dissent. The New Mexico Legislature has granted a party the right to disqualify automatically a judge whom he believes cannot preside over his case with impartiality, on the proper filing of an affidavit of disqualification. Section 38–3–9, N.M.S.A.1978. Over the years, the Legisla-

ture has enlarged the time for filing the affidavit. *See* N.M.Laws 1933, ch. 184, § 2; N.M. Laws 1971, ch. 123; N.M. Laws 1977, ch. 228, § 2. Until the 1977 amendment, it was possible for the statutory time limit for disqualification to expire before the parties knew which judge was assigned to the case. While refusing to require the trial court judge to honor a late affidavit in this situation, the Supreme Court suggested that the party could protect himself by filing a provisional affidavit of disqualification. *Notargiacomo v. Hickman*, 55 N.M. 465, 235 P.2d 531 (1951). In this and in all subsequent cases where the use of a provisional affidavit was suggested, the parties did not know which judge would be hearing the case before the time limit, as then in effect, for filing a statutory affidavit of disqualification had expired. *Gray v. Sanchez*, 86 N.M. 146, 520 P.2d 1091 (1974); *State v. Sanchez*, 86 N.M. 68, 519 P.2d 304 (Ct.App. 1974); *State v. Baca*, 81 N.M. 686, 472 P.2d 651 (Ct.App.), *cert. denied*, 81 N.M. 721, 472 P.2d 984 (1970). The provisional affidavit was suggested only in those circumstances where it was impossible for the party to file an affidavit of disqualification within the statutory period. Such circumstances were not present in the case at bar. The 1977 amendment has obviated the need in such circumstances for the provisional affidavit by enlarging the time limit for filing a statutory affidavit to "within ten days after the judge sought to be disqualified is assigned to the case * * * " N.M. Laws 1977, ch. 228, § 2, codified as § 38–3–10, N.M.S.A.1978.

The right to disqualify is a substantive right granted by the legislature, not a court made rule. *Gerety v. Demers*, 92 N.M. 396, 589 P.2d 180 (1978). An affidavit of disqualification filed prematurely need not be honored. *Talbot v. Taylor*, 51 N.M. 160, 181 P.2d 159 (1947). The Martinez affidavit was filed before Judge Wright was assigned to the case, and so was premature. Such a provisional affidavit should not be effective when it would have been possible to file a timely affidavit under the statute. By allowing parties to use provisional affidavits in any but extreme circumstances when compliance with the statutory time limit is impossible, this court renders the statutory time limit meaningless, and so trespasses into the province of the legislature. In the facts of this case, Judge Wright should be allowed to refuse to honor the provisional affidavit.

I believe, however, that the judgment should be reversed, because summary judgment was granted erroneously. If there is a reasonable doubt as to whether a genuine issue of material fact is in dispute, summary judgment is improper. *Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972). Plaintiffs allege that Carmona's negligent operation of his truck was a proximate cause of the accident. There is a genuine issue as to the speed he was traveling, and this bears upon the question of whether he was negligent in the circumstances surrounding the accident. Since it was alleged that Romero employed Carmona and that Carmona was acting within the scope of his employment at the time of the accident, summary judgment should not have been granted with respect to these two defendants.