634 P.2d 1295

**Carolyn KLINDERA, Plaintiff-Appellant,**

v.

**WORLEY MILLS, INC., Employer and Employers National Insurance Company, Insurer, Defendants-Appellees.**

**No. 5065.**

Court of Appeals of New Mexico.

Sept. 24, 1981.

William A. L'Esperance, Albuquerque, for plaintiff-appellant.

William G. W. Shoobridge, Richard W. Darnell, Neal & Neal, Hobbs, for defendants-appellees.

## OPINION

SUTIN, Judge.

This is a workmen's compensation case in which the district court dismissed plaintiff's complaint with prejudice and plaintiff appeals. We affirm.

The first point is that the trial court erred in failing to render findings adequate to alert this Court to the standard used to measure plaintiff's disability.

The trial court found that plaintiff suffered a compensable injury on January 10, 1980, and received compensation benefits until May 5, 1980, when she was no longer disabled.

■■■ The primary test for disability is the capacity to perform work. *Perez v. Intern. Minerals & Chemical Corp.*, 95 N.M. 628, 624 P.2d 1025 (Ct.App.1981). A finding that plaintiff "was no longer disabled" is the finding of an ultimate fact. This finding means that plaintiff had the capacity to perform work in the sense that she was wholly *able* "to perform the usual tasks in the work she was performing at the time of her injury, and is wholly *able* to perform any work for which she is fitted by age, education, training, general physical and mental capacity and previous work experience." The court's finding is the converse of "total disability" as defined in § 52–1–24, N.M.S.A.1978.

The finding of "no longer disabled" adequately alerted this Court to the standard used to measure plaintiff's disability.

Plaintiff's second point is that the trial court ought to have recused itself. We disagree.

This issue of voluntary recusation was first raised in this Court. Subsequent to filing plaintiff's Notice of Appeal, trial counsel were permitted to withdraw, and substitution made.

The Skelton Transcript was filed in this Court on March 16, 1981. On May 20, 1981, plaintiff filed a Motion for Supplementation of the Record of Proceedings and for Summary Reversal. This motion was based upon the fact that trial counsel discovered a

prior patient-doctor relationship between Judge Hensley, the trial judge, and Dr. Fred R. Holzworth, an orthopedic surgeon, who examined plaintiff and testified on behalf of defendants; that this fact was not disclosed at the time of trial and was fundamentally prejudicial to plaintiff. The motion was accompanied by an affidavit of former trial counsel which stated the following facts:

The affiant was trial counsel in *Sanchez v. Johnson Wholesale*, Cause No. 81–CV–28,042, Curry County, which was heard on the merits before Judge Hensley in April, 1981. [Trial in the instant case was held November 10, 1980.] In the *Sanchez* case, before trial started, Judge Hensley announced to the parties present that he was a patient of Dr. Holzworth and that Dr. Holzworth had been treating him and his daughter for four years prior thereto. Inquiries were made of the parties whether they objected to his sitting as a judge. Both parties answered, including affiant, that they had no objection. The case was heard and decided by Judge Hensley.

In the instant case, no disclosure nor offer of recusal was made by Judge Hensley.

This Court denied summary reversal of plaintiff's motion but ordered Judge Hensley to file an affidavit describing the relationship between himself and Dr. Holzworth from 1979 through 1981. Judge Hensley filed an affidavit which showed that in 1979, Judge Hensley had Dr. Holzworth check him three times, twice for pain in the right foot and once for injury to his left shoulder. On June 11, 1981, seven months after trial was held, Judge Hensley saw Dr. Holzworth for a low back strain. (Judge Hensley was also an athlete who suffered injuries from playing handball, tennis and practicing karate.)

The affidavit also stated that Judge Hensley's wife and daughter visited Dr. Holzworth for pain and stiffness in the knee on December 5, 1980; that Dr. Holzworth was the only orthopedic surgeon in the area who specialized in athletic-related injuries, one in whom Judge Hensley had great confidence, but it did not occur to Judge Hensley to reveal the doctor-patient relationship; that this relationship had absolutely no bearing in his decision in the instant case. In fact, Judge Hensley did not follow Dr. Holzworth's testimony in the *Sanchez* case with reference to the date disability ended.

The record shows that on September 3, 1980, defendants filed a motion for continuance for failure of plaintiff to keep an appointment with Dr. Holzworth. On September 16, 1980, the trial setting was vacated. This appears to be the first time that Judge Hensley had knowledge that Dr. Holzworth might be a witness for defendants.

On October 6, 1980, defendants filed a motion to compel plaintiff to submit to an examination by Dr. Holzworth, she having failed to keep her appointments for evaluation on July 24 and September 18, 1980; that upon failure or refusal to do so, the court should order forfeiture of all workmen's compensation benefits which may become due. On October 20, 1980, defendants gave notice of a hearing to be held on November 5, 1980.

On October 21, 1980, plaintiff filed a pleading in opposition to defendants' motion in which it stated:

That plaintiff has no objection to an independent medical examination by any orthopedic physician with the exception of Dr. Holzworth, as Dr. Holzworth has expressed disinterest in examining the plaintiff and his past examinations of her have been cursory and negative concerning all the plaintiff's complaints.

It does not appear that defendants' motion to compel plaintiff's examination by Dr. Holzworth was ever heard and decided by the court. The case came on for trial on November 10, 1980, five days after the date set for hearing the motion. Defendants announced that Dr. Holzworth would testify as a witness for defendants and was in fact the only witness for defendants.

Plaintiff claims "[t]he trial court ought to have recused itself," because, based upon the affidavits filed, "[t]he trial court knew it would be biased." Plaintiff has misread the affidavits. No such knowledge was

present. Reliance is had on *Gerety v. Demers*, 92 N.M. 396, 589 P.2d 180 (1978); *Doe v. State*, 91 N.M. 51, 570 P.2d 589 (1977); and *Martinez v. Carmona*, 95 N.M. 545, 624 P.2d 54 (Ct.App.1980), but plaintiff's brief does not discuss the application of these cases. None of them involve the bias and prejudice of a judge based upon some type of relationship with a witness.

*Gerety* said, omitting authorities cited:

There are no constitutional or statutory provisions which specifically set forth the authority or the procedure for a judge to voluntarily recuse or disqualify himself. * * *

  *   *   *   *   *   *

We hold with the well-established principle that a judge has a duty to perform the judicial role mandated by the statutes, and he has no right to disqualify himself *unless there is a compelling* constitutional, statutory or *ethical cause for so doing. Recusal should be used only for the most compelling reasons.* * * *

We approve of this statement * * * and hold that, except in those cases where a judge's impartiality might be reasonably questioned, he must exercise his judicial function [Emphasis added.] [Id., 92 N.M. at 400, 589 P.2d 180.]

*Gerety* stands for the proposition that if no compelling ethical cause exists, a district judge should not voluntarily recuse himself and as pointed out in *Martinez, supra*, whether a judge should recuse himself if his impartiality might reasonably be questioned, "places disqualification within the conscience of the judge and within his discretion." [624 P.2d 59.] Plaintiff did not claim that Judge Hensley abused his discretion. Plaintiff only relies upon this quotation from *Martinez* :

In other words, *when a district judge believes* that his impartiality might reasonably be questioned with reference to bias and prejudice concerning a party, he must not exercise his judicial function. [Emphasis added.] [624 P.2d 59.]

 This quotation must not be misunderstood. The determination of impartiality rests within the belief of the district judge, not the parties or lawyers. If the district judge believes that his impartiality might NOT be reasonably questioned, he must exercise his judicial function. Judge Hensley's belief falls within this category.

■ In the instant case as in *Martinez*, the record is free of any evidence, fact or inference to be drawn therefrom that Judge Hensley's impartiality might reasonably be questioned concerning plaintiff as a party.

In the instant case, the judge-doctor relationship was casual, medically unimportant and devoid of any other contact which might affect the partiality of the judge.

We hold that Judge Hensley ought not to have recused himself.

Affirmed.

IT IS SO ORDERED.

HENDLEY and WALTERS, JJ., concur.